(40 Misc. Rep. 126.)

In re CANTER.[*]

(Supreme Court, Special Term, New York County. February, 1903.)

1. DEPOSITIONS—SUBPŒNA—FOREIGN COMMISSION.
   Under Code Civ. Proc. § 915, providing that, where a commission to take testimony within the state has been issued from the court in which the action is pending, the Supreme Court shall issue a subpœna to the witness commanding him to appear before the commissioner named in the commission, it is no objection to a subpœna issued by the supreme

---

[*] Reversed on appeal, see 81 N. Y. Supp. 416.

court on a commission issued by a foreign court to take testimony within the state for use in an action pending in the foreign court that the commissioner named is a resident of the foreign state.

2. SAME.

A commissioner appointed to take testimony of a witness in the state for use in a cause pending in another state derives his authority from the foreign state and court.

In the matter of the application of Josiah Canter to vacate service of subpœna upon him. Motion denied.

Franklin Bien, for petitioner.

Herbert R. Limburger, for defendant.

LEVENTRITT, J. This is an application to vacate a subpœna served on the applicant, requiring him to appear and be examined in this state before a commissioner named in a commission issuing out of the state of Delaware, for use in an action pending in that state. The single question up for consideration is whether the subpœna can stand, and attendance be enforced, inasmuch as the commissioner named is not a resident or citizen of this state, but comes from the state of Delaware, to which he owes allegiance, for the sole purpose of executing the commission. The question is narrow and novel, and search has failed to disclose any authority pro or contra. Yet the question is not difficult. Starting with the premise that the Legislature has inherent power to confer on any person the right and authority to administer an oath, the point resolves itself merely into one of statutory construction. What has the Legislature enacted? There is, of course, no inherent power in the court or in any of its officers to compel a person in this state to give testimony for use without the jurisdiction. Such authority as there is for taking the testimony of a witness in this state for use without it is contained in sections 914 and 915 of the Code and rule 17 of the general rules of practice. Matter of Spinks, 63 App. Div. 236, 71 N. Y. Supp. 398. The reason for the enactment of those sections is to be found in principles of comity. Even as we expect our sister states, as well as foreign countries, to assist us in the administration of justice within our territorial jurisdiction, so we have made provision to lend them similar aid. And where our enacted laws have been insufficient to give the full measure of substantial relief sought, we have amended our statutes, not for our benefit, but for theirs, so as to give them the testimony asked. So, when it was found that there was no authority for an issuance of a subpœna duces tecum to compel the production of books and papers in a proceeding of this kind (Matter of Strauss, 30 App. Div. 610, 52 N. Y. Supp. 392), the Legislature gave the remedy by amendment (Laws 1899, p. 1036, c. 502). And again, where the remedy seemed jeopardized by inability, under the existing law, on the part of the court, or the officer taking the deposition, to punish a recalcitrant witness for contempt (Matter of Searls, 155 N. Y. 333, 49 N. E. 938; People ex rel. MacDonald v. Leubischer, 34 App. Div. 577, 54 N. Y. Supp. 869), a provision was added to meet this condition (Laws 1899, p. 1036, c. 502). These amendments and decisions are referred to for the purpose of showing

the liberality that has characterized successive enactments, and the broad conception of comity on which they have proceeded. The primary aim has been to enact a statute that shall be sufficiently broad to give complete assistance to the court to which we extend comity.

Turning now to the Code, we find but three sections referring to depositions taken within the state for use without the state. Section 914 provides that a party to an action pending in a court without the state may obtain the testimony of a witness, and in connection therewith the production of books and papers. Section 919 prescribes the manner of taking and of making return to the foreign court, regulating the practice according to the requirements of the tribunal without the state. Section 915—which is the material section on this application—regulates, in connection with rule 17 of the general rules of practice, the procedure to be followed. So far as here material, that section reads:

"Where a commission to take testimony, within the state, has been issued from the court in which the action is pending, * * * the Supreme Court, or the county court, or a judge of either court, shall in a proper case on the presentation of verified petition, issue a subpœna to the witness, commanding him to appear before the commissioner, named in the commission; or before a commissioner, within the state, for the state, territory or foreign country, in which the notice was given, or the proceeding taken; or before the officer designated in the commission, notice or paper, by his title of office; at a time and place specified in the subpœna, to testify in the action, suit or special proceeding."

It will be observed that of the three classes of persons before whom the witness may be required to appear we defer, in the first instance, absolutely to the court without the state. In the alternative, attendance may be ordered before a commissioner within the state, of the jurisdiction in which the testimony is to be used, and this is done so that the testimony may be taken before an officer authorized to administer oaths for and on behalf of the foreign tribunal; otherwise, were our courts or judges arbitrarily to designate any person to take the deposition, the result might well be that it would be valueless when returned, as the oath may have been administered by an unauthorized person. The second alternative—i. e., "the officer designated in the commission by his title of office"—would seem to apply to a case where no commissioner is stated by name, but merely by title of office. Neither this provision nor the first, with which we have primarily to do, contains any requirements of residence or citizenship within this state; indeed, the first alternative contains such requirements, if at all, only by implication. It is difficult to conceive how the Legislature could have adopted broader or more comprehensive language than in the first provision commanding attendance "before the commissioner named in the commission." The term "commissioner" has no limited or specific meaning. It is merely the legal designation or characterization of a person having the lawful warrant to do a certain act. It is a general term, not a specific title, involving in its conception as applicable thereto any particular set of legal principles. A person becomes a commissioner simply by being named in the commission. In other words, the legal effect of the language "commanding him to appear before the commissioner named

in the commission" is the same as if it read "commanding him to appear before any person named in the document or instrument issuing from the foreign court." We yield to that court in the selection of the person before whom the testimony is to be taken. Beyond the fact that we demand compliance with the jurisdictional requirements, and protection to witnesses subject to our process to the extent that good faith shall characterize the application (Rule 17) we have no further interest in the proceeding. For the purpose of taking testimony for use in a foreign jurisdiction, the commissioner is not to be regarded as deriving his authority from this state, or in any wise connected with its administration of justice. Even where he is designated by the title of office, that is merely descriptive, so far as our courts are concerned. He is not acting as an officer of this state, judicial or otherwise. His source of authority is beyond our borders. His official status for the purpose of the proceeding is created and established there. We recognize it here to the extent of assisting the foreign court, as it asks to be assisted, in accordance with well-established rules of comity.

The Legislature might, in its wisdom, have provided that depositions for use without the state should only be taken before commissioners who are residents or citizens of this state. It has not done so. There is no rule of construction of which I am aware, nor any constitutional or statutory provision, preventing it from enacting a law enforcing attendance before any person named by a foreign court. This it seems to have done in the broadest language possible, and under it I hold that there was full power in this court to command attendance before the commissioner named, who owed no allegiance to this state, but who was a citizen and resident of the state of Delaware and who came into this state for the sole purpose of executing the dedimus of the superior court of that state.

It may be said in passing that the fact that the procedure here adopted is unusual is no additional reason for declaring it illegal. That the execution of commissions is intrusted as a general rule to residents of the state in which the witnesses are is in the overwhelming majority of cases a matter of convenience. It is simpler, more expeditious, and less expensive for a party in a suit pending in the state of California, for instance, to pray the court to designate somebody in the state of New York, than to send a commissioner from there. And even in contiguous states it means a saving of time and money to secure a local official. But these matters of convenience do not affect the question of legal right. That, as said at the outset, is simply a matter of statutory construction.

Finally, a word should be said in answer to the claim of the applicant that the designation by a foreign court of a nonresident or alien may involve the invasion of the rights of our citizens and of their undue harassment without limitation. There might be some force to the point were the examination allowed without application to our courts. Such, however, is not the case. Not only must there be compliance with the jurisdictional requirements of the Code, but, in addition, rule 17 of the general rules of practice prescribes that the verified petition called for by section 915 of the Code must contain a

general statement of the nature of the action or proceeding, show that the testimony of the witness is material to the issue therein presented, and show by copies, or by alleging their substance, the authority pursuant to which the deposition is taken, and, "unless the court or judge is satisfied that the application is made in good faith to obtain testimony within sections 914 and 915 of the Code of Civil Procedure, he shall deny the application." Parties and witnesses are thus amply protected. Beyond this, a witness has the right to move to vacate the subpœna for jurisdictional defect, but he cannot attack for insufficiency the proof by affidavit made to the court on the basis of which the subpœna was granted. · Matter of Garvey, 33 · App. Div. 134, 53 N. Y. Supp. 476; Matter of Heller, 41 App. Div. 595, 58 N. Y. Supp. 695; Matter of Dittman, 65 App. Div. 343, 72 N. Y. Supp. 886. No question, however, is raised on any point beyond the strictly jurisdictional one, and as to that, for the reasons stated, I have concluded to deny the motion, with $10 costs.

Motion denied, with $10 costs.