### HYDE v. SCOTT.

(Supreme Court, Special Term, New York County. February 7, 1912.)

1. CORPORATIONS (§ 609*) — DISSOLUTION—CANADA — APPOINTMENT OF RECEIVER.

Under Winding-Up Act (Rev: St. Canada, c. 129) § 3, as amended by St. 52 Vict. c. 32, § 3, which provides for the winding up of the affairs of a corporation doing business in Canada, "wheresoever incorporated," a proceeding in a Canadian court to wind up the affairs of a West Virginia corporation, which does not attempt to dissolve the corporation, but only to wind up its affairs in so far as they are within the jurisdiction, and to appoint a liquidator thereof, is not a nullity, but is within the statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2420–2430; Dec. Dig. § 609.*]

2. JUDGMENT (§ 831*)—FOREIGN JUDGMENTS—ADJUDICATION AS TO JURISDICTION.

The adjudication of a foreign court upon the question of its jurisdiction is never conclusive upon a court of another jurisdiction, and unless there was jurisdiction of the person and subject-matter the judgment is a nullity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1519–1522; Dec. Dig. § 831.*]

3. CORPORATIONS (§ 668*)—SERVICE—PUBLICATION.

Service by publication was sufficient to give jurisdiction to a Canadian court of an action to wind up the affairs of a West Virginia corporation doing business in Canada, where the corporation owned property in the Dominion.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603, 2606–2627; Dec. Dig. § 668.*]

4. CORPORATIONS (§ 638*)—FOREIGN CORPORATIONS—SUBJECTION TO LAWS OF STATE.

That a corporation owes its existence to the laws of one state does not preclude it from owning property in another; but its right to, and the conditions under which it may do business therein, are governed by the laws of the latter jurisdiction.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2529; Dec. Dig. § 638.*]

5. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—SUBJECTION TO LAWS OF STATE—"DOING BUSINESS."

The making by a West Virginia corporation of a contract to build a railroad in Canada and having an office therein constitute "doing busi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ness," under Winding-Up Act (Rev. St. Canada, c. 129) § 3, as amended by St. 52 Vict. c. 32, § 3.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

6. COURTS (§ 98*)—JUDICIAL PRECEDENTS—INTERPRETATION OF STATUTES OF OTHER COUNTRIES.

The determination of Canadian courts as to the interpretation and construction of their own statutes will be accepted as final.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 324; Dec. Dig. § 98.*]

7. DEPOSITIONS (§ 25*) — EXAMINATION OF WITNESS — CAUSE IN FOREIGN COURT.

While comity will not require the enforcement of a subpoena in aid of a foreign commission to take the testimony of a witness and resident of the state, when such action would prejudice or violate the rights of the citizen, a commission to take the testimony of a person not a party to a proceeding in a foreign jurisdiction, and who showed no reason why such proceeding would violate his rights, was proper.

[Ed. Note.—For other cases, see Depositions, Dec. Dig. § 25.*]

8. DEPOSITIONS (§ 25*)—EXAMINATION OF WITNESS—CAUSE IN FOREIGN COURT.

The court will not inquire into the merits of a controversy in a foreign jurisdiction, on a petition for the issuance of a commission to take testimony in the state, but will merely sustain the subpoena, where a prima facie case for the taking is made.

[Ed. Note.—For other cases, see Depositions, Dec. Dig. § 25.*]

9. COURTS (§ 98*)—JUDICIAL PRECEDENTS—DECISIONS OF COURTS OF FOREIGN COUNTRIES.

In a cause which is a matter of Canadian law and relating to the construction and interpretation of Canadian statutes, the courts of Canada speak with the highest authority; and a previous decision of a court of the state of New York will not be regarded as controlling future action by the New York courts, where a later decision of a Canadian court reached an opposite conclusion.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 324; Dec. Dig. § 98.*]

10. COURTS (§ 90*)—LAW OF THE CASE—SIMILARITY OF CONDITIONS.

A previous decision of a court in this state in ruling on the effect of the issuance of a commission from a court in Canada to take testimony of witnesses residing in New York will not control the New York courts, on a subsequent petition for the issuance of a subpoena in the same case, where at the time of the former decision there was no action pending in the Canadian court, and it has since been commenced.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321; Dec. Dig. § 90.*]

Action by John Hyde, as liquidator, against J. G. Scott. Petition for the issuance of subpoena to compel James McNaught and others to testify, under Code Civ. Proc. § 915. Motion to vacate subpoena denied, and motion to compel witness to answer granted.

Kiddle & Wendell, for the motion.
Robinson, Allen & Hoy, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. Two motions are now before the court. One motion is made to compel James McNaught to answer certain interrogatories under a subpœna, and the other motion is made by McNaught to vacate the subpœna. The Great Northern Construction Company, on March 22, 1899, entered into a contract with the Great Northern Railway of Canada to construct and equip a portion of the line of the railway company in the provinces of Ontario and Quebec, and at the same time entered into a contract with a copartnership doing business under the name of Ross, Barry & McRae, under which contract the copartnership agreed to perform all the work of constructing the road pursuant to the contract between the Great Northern Construction Company and the railway company. A further contract between the Great Northern Construction Company and Ross, Barry & McRae was entered into on October 22, 1911. On October 16, 1903, Ross, Barry & McRae instituted a suit in the Superior Court of Lower Canada, Province of Quebec, District of Montreal, against the Great Northern Construction Company, to recover certain moneys alleged to be due to them under their contracts. During the pendency of that action Ross, Barry & McRae, on October 17, 1904, filed a petition in the Superior Court of Lower Canada, Province of Quebec, District of Montreal, to wind up and dissolve the Great Northern Construction Company under the Canadian winding-up act. In that proceeding the officers of the Great Northern Construction Company were served by publication. In that liquidation proceeding and under the act referred to a winding-up order was made, appointing John Hyde liquidator of the Great Northern Construction Company. This order acted as a stay of the action of Ross, Barry & McRae against the Great Northern Construction Company.

The action in which the present motions are made was brought by John Hyde in his quality of liquidator of the Great Northern Construction Company under the order of the Canadian court as aforesaid against the defendant Scott, who is alleged to be a stockholder of the Great Northern Construction Company, to recover certain bonds alleged to have been unlawfully distributed among the shareholders of said company, in order that they may be applied in satisfaction of the claims of Ross, Barry & McRae against said company. A commission upon closed interrogatories was issued in this action to certain commissioners named therein and within this jurisdiction. It was to obtain the testimony of McNaught before these commissioners that the present subpœna was issued. McNaught was sworn as a witness under the subpœna and refused to answer the interrogatories propounded to him and refused to produce the books and papers of the Great Northern Construction Company. The disposition of the motion to direct McNaught to answer and to punish him for contempt for his refusal so to do must follow the determination of the motion of McNaught to vacate the subpœna. Several questions of importance are raised by this motion, and several grounds upon which it is claimed the subpœna should be vacated are urged. These grounds it is now necessary to consider.

[1] 1. It is urged:

"That the Canadian court had no jurisdiction in law or in fact to wind up the Great Northern Construction Company, a West Virginia corporation, in liquidation proceedings, and its order appointing Hyde liquidator is a nullity."

At the outset it should be appreciated that the liquidation proceeding in Canada does not attempt to dissolve or to liquidate the Great Northern Construction Company. The purpose of that proceeding is merely to wind up the affairs of that company in so far as they are within the Canadian jurisdiction. No extraterritorial effect is claimed, so far as the corporate existence, assets, or property of the great Northern Construction Company is concerned. The liquidation proceeding is brought under section 3 of chapter 129 of the Revised Statutes of Canada. This section was enacted in 1886, and specifies the incorporated trading companies to which the act applies, and provides that it shall be applicable to such companies "doing business in Canada, wheresoever incorporated." The clause providing that the act shall apply to companies doing business in Canada *wheresoever incorporated* was an amendment added to section 3 of the winding-up act by St. 52 Vict. c. 32. That there is no conflict between the original act and the statute amendatory thereto has been squarely held in Ontario Forge & Belt Co., Lim., 25 Ontario Rep. 407, where the court said:

"There is no clashing between section 3 of the winding-up act (R. S. C. c. 129), and section 3 of the winding-up amended act (St. 52 Vict. c. 32). The latter act provides for the voluntary winding up of companies falling within its provisions, and not for their compulsory liquidation, which is provided for by the former. A company incorporated under the act of the province of Ontario and carrying on business in Ontario is 'doing business in Canada,' within the meaning of section 3 of the original act."

[2] The right of Hyde as liquidator to maintain this action in which this commission was issued was upheld in the Superior Court of Lower Canada and by the Court of King's Bench of Montreal. See opinions submitted on this motion. That court also passed upon the question of the jurisdiction of the Canadian court to appoint the liquidator and the right of the liquidator to institute this action. It is true that the adjudication of a foreign court upon the question of its jurisdiction is never conclusive upon a court of another jurisdiction. Unless the foreign court in fact had jurisdiction of the person and subject-matter, its judgment, in whatever form it may be expressed, is a nullity.

[3] It is therefore necessary for us to determine, apart from the adjudication of the Canadian courts, as to the fact of jurisdiction. I think there can be no doubt of the jurisdiction of the Canadian courts of the subject-matter. As pointed out above, the liquidation proceeding contemplates reaching only such property of the West Virginia corporation as is within the jurisdiction of the Canadian courts. The property to be affected being within the territorial jurisdiction of the court, jurisdiction of the person may be obtained by service by publication.

[4] The fact that the Great Northern Construction Company owes its existence to the state of West Virginia and was incorporated under the laws of that state does not preclude it from owning property in other jurisdictions. It is equally clear that its right to do business in a foreign state and the conditions upon which it may do business in such a foreign jurisdiction are subject to the laws of that jurisdiction. The Canadian courts do not assume to forfeit the corporate life of the Great Northern Construction Company. They merely assume to subject its property within their jurisdiction to the law of that jurisdiction. That such a regulation is within its right cannot be questioned.

[5] The claim that the Great Northern Construction Company had no property in Canada and was not "doing business" there is not supported by the proof. It appears from the papers presented upon this motion that the property, in the form of bonds which are sought to be reached in this action, is in the possession of the defendant, who is a resident of Canada. It also appears that the Great Northern Construction Company made a contract to build a railroad in Canada and *had* a place of business in Canada, and that, although they have since withdrawn their office from that jurisdiction, they left unpaid obligations behind them. These acts constitute "doing business" within the meaning of the Canadian statutes.

[6] While we may not accept as conclusive the determination of the Canadian courts as to the fact of jurisdiction, we may well accept as final the determination of those courts as to the interpretation and construction of their own statutes. The Canadian courts have held that the acts referred to constituted doing business within the meaning of the winding-up act. I think that the same rule should be applied to the claim of McNaught that the notice required by section 20 of the winding-up act was not given to the Great Northern Construction Company. The Canadian courts have held that the notice, which was served by publication, was a sufficient compliance with the provisions of that act. See opinions submitted on the motions. Upon the papers before me I feel constrained to hold that the Canadian courts had jurisdiction to appoint the liquidator of the property of the Great Northern Construction Company within their jurisdiction, and that the liquidator as such had the right under the Canadian law to maintain the present action.

[7] 2. It is also urged that:

"The winding-up act of Canada is an insolvency law and has no extraterritorial effect. It will not be enforced in the state of New York to the prejudice of residents or of persons doing business in this state."

Assuming that the proposition urged is true, I cannot see that it has any application to the facts of this case. No attempt is now being made to give the act any extraterritorial effect. With as much reason it could be urged that our courts shall not sustain a subpœna under a commission issued in an action on one of the common counts brought in Canada to take testimony of a foreign witness. If the Canadian courts had jurisdiction to appoint the liquidator, and to hear and

determine the action commenced by the liquidator against the defendant Scott, then it follows that they have the right to issue a commission to any foreign state to take testimony of a witness whose testimony is regarded as necessary to the proper administration of justice within that jurisdiction. I concede that comity would not require this court to enforce a subpœna in aid of a foreign commission, when such action would prejudice or violate the rights of the citizen of this state. It is not clear how McNaught will be prejudiced or his rights violated by being compelled to give his testimony here, to be used in a proceeding in a foreign jurisdiction, in which proceeding he is not a party.

[8] 3. The objection urged, that "this court should not lend its aid to the Canadian court in enforcing an unjust demand against a Canadian stockholder of an American corporation," is peculiarly inept. The very question in issue which is to be determined in the present action in the Canadian court is whether or not the demand of the complaint is just or unjust. This court will not assume to determine this issue and try upon the merits the justice of the complainant's claim. It is enough for us to know that in the judgment of the Canadian courts the testimony of the witness McNaught is regarded as necessary in order to reach a just determination of the issue raised in this action. The Canadian courts having jurisdiction, and it appearing that the rights of our own citizens are not violated or threatened, the principle of comity should be applied, and our courts should facilitate the Canadian courts in the same manner that we must assume the Canadian courts would assist us. The fact that the action is against "a Canadian stockholder of an American corporation" is a strange ground upon which to urge this court to turn a deaf ear to the principle of comity. If the action was brought against an American citizen, and his rights were about to be affected by the action in the foreign courts, the plea might have at least a certain plausibility. But where the action is against a British subject resident in Canada, it is unreasonable to suppose that the Canadian courts are not competent to protect his rights.

[9] 4. It is further urged that this court should follow the decision in the Matter of Great Northern Construction Company, 50 Misc. Rep. 467, 100 N. Y. Supp. 564. This contention upon the argument impressed me as the most serious consideration urged on behalf of McNaught. That decision was made at a Special Term of this court in this proceeding. The opinion of the learned justice is entitled to the most respectful consideration. That opinion held that the winding-up act of 1886 (chapter 129) was superseded by the winding-up act of 1889 (chapter 32, St. 52 Vict.), and that the Canadian court was without jurisdiction. Since that time, as has been pointed out above, the Canadian courts have held that the last act merely supplements the other and was amendatory thereto, and not in conflict with it. Ontario Forge & Belt Co., Lim., 25 Ontario Rep. 407, supra. This being a matter of Canadian law, and relating to the interpretation and construction of Canadian statutes, is a matter upon which the courts of Canada speak with the highest authority.

[10] Another radical difference in the facts which were presented

to the court upon the previous motion and those which now exist is that there was then no action pending in the Dominion of Canada at the time the subpœna was issued. Since that time such an action has been commenced and is now pending. In view of these considerations I feel that the decision in the Matter of the Great Northern Construction Company, 50 Misc. Rep. 467, 100 N. Y. Supp. 564, should not be regarded by me as controlling.

Having reached the opinion that no valid reason is urged why the subpœna should be vacated, it follows that the motion to punish the witness McNaught for contempt must be granted, unless he shall purge himself of such contempt by answering the questions contained in the interrogatories at a time and place to be fixed in the order to be entered upon this decision.

Motion to vacate the subpœna is denied, and the motion to compel the witness to answer is granted, to the extent indicated in this opinion. Settle orders on notice.