Ex parte CHARLES P. NOELL, Petitioner, v. CHARLES L. BENDER, Sheriff of Marion County, Respondent.— 295 S. W. 532.

Court en Banc, June 6, 1927.

**1. DEPOSITIONS: Notary Public: Commitment for Contempt.** The defendant has a statutory right to take the deposition of the plaintiff in a pending suit, to be used conditionally; and a notary public is among the officers authorized by statute to exercise the power of taking a deposition, and in doing so acts in a judicial capacity, and has authority, by writs of attachment, to commit such witness, when properly and timely served, for refusing to appear and testify.

**2. ————: ————: ————: Due Process: Valid Statute.** The statute delegating to a notary public power to take depositions in a pending suit and to punish a recalcitrant witness for contempt for refusing to give his deposition is a valid statute, and violates no provision of the Constitution. The

notary in exercising the power acts judicially, and its exercise is due process of law, to the same extent that the exercise by a court of its powers to enforce its decrees and orders by punishments for contempt is due process.

3. ———: **Service of Subpoena: Venue.** Personal service upon the plaintiff, whose deposition is to be taken before a notary public, is effected by serving him in the place where he is found. The statute (Sec. 5431, R. S. 1919, as amended, Laws 1925, p. 216) does not mean that the notice to take the deposition and a subpoena requiring the attendance of the plaintiff as a witness can be served only at the place of his residence.

4. ———: ———: ———: **Tender of Fees.** The statute does not require that the return of the officer upon the subpoena served upon the witness, to appear before the notary public at the taking of his deposition in the pending suit, show that the witness resides more than forty miles from the place of trial and that his attendance fees have been tendered or paid to him, where the service is personal and is upon the witness in the county in which the deposition is to be taken; but being found in the county and being personally served, such service places upon the witness the legal obligation to attend and give his testimony at the time and place set forth in the subpoena, although his residence may be much further than forty miles from the place.

---

Corpus Juris-Cyc. References: **Constitutional Law**, 12 C. J., Section 969, p. 1201, n. 46. **Depositions**, 18 C. J., Section 171, p. 670, n. 51; Section 180, p. 672, n. 82; Section 204, p. 682, n. 27; p. 683, n. 29.

*Habeas Corpus.*

Petitioner remanded.

*Laughlin, Frumberg, Blodgett & Russell* and *Dumm & Cook* for petitioner.

(1) The power to punish for contempt is essentially judicial. State ex rel. v. Ryan, 182 Mo. 349; Langenberg v. Decker, 131 Ind. 471; In re Mason, 43 Fed. 510; In re Simms, 54 Kan. 1; In re Huron, 58 Kan. 152; Dogge v. State, 21 Neb. 272; Whitcomb's Case, 120 Mass. 118; United States v. Pratt, 3 Alaska, 400. (2) The entire judicial power of the State is vested in the specific courts created by the Constitution, and the Legislature cannot confer any part of this judicial power upon officers, boards or tribunals not specified in the Constitution. Constitution, Art. III; Constitution, Art. VI, sec. 1; Langenberg v. Decker, 131 Ind. 471; State ex rel. v. Ryan, 182 Mo. 349; State ex rel. v. Nast, 209 Mo. 708; State ex rel. v. Fort, 210 Mo. 512; State ex rel. v. Woodson, 161 Mo. 453. (3) Where a statute provides that witness fees shall be tendered in advance, such tender is a part of the service and unless tendered the witness is not guilty of

contempt in failing to appear and testify. Sec. 5422, R. S. 1919; Mattocks v. Wheaton, 10 Vt. 493; Beaulieu v. Parsons, 2 Minn. 37; Ogden v. Gibbons, 5 N. J. L. 518; Atwood v. Scott, 99 Mass. 177; Hewlett v. Brown, 1 Bosw. 655; Bonner v. People, 40 Ill. App. 628.

*Roy Hamlin* and *Ben Ely, Jr.,* for respondent.

(1) "Any party to a suit pending in any court in this State may obtain the deposition of any witness to be used in such suit, conditionally." Sec. 5440, R. S. 1919. The right to take depositions are not conditional, but only the right to use them. State ex rel. Willson v. Burney, 193 Mo. App. 326; Sec. 5443, R. S. 1919, Deposition may be taken by a Notary Public. Sec. 5446, R. S. 1919. "When the witness is found in this State the depositions may be taken by the proper officer thereof without any commission or order from any court or clerk." Section 5448. The statute does not require notice to be served at the place of abode of the adverse party or his attorney of record in this State. Swink v. Anthony, 107 Mo. App. 601; Sec. 5452, R. S. 1919. Officers may compel attendance of witness. Ex parte McKee, 18 Mo. 599; Ex parte Mallinkrodt, 20 Mo. 493; Ex parte Milluford, 57 Mo. 603; Ex parte Daile Priest, 76 Mo. 229; Carr v. Dawes, 46 Mo. App. 351; Ex parte Creary, 243 Mo. 679. Notary acts in a judicial capacity, as temporary substitute for the court itself, and is an officer of the court. Burnet v. Price, 272 Mo. 68; Swink v. Anthony, 96 Mo. App. 420. (2) It is conceded by the petitioner that he was served with notice and subpoena in Hannibal; that the place mentioned in the notice and subpoena where the depositions were to be taken was Hannibal; that the petitioner made no demand for attendance or witness fees or mileage, and that the Sheriff of Marion County made his return showing services to be had in Hannibal, Marion County, on said notice and to said subpoena. So that no mileage or *per diem* can be claimed by the petitioner, because the return shows that he was served in Hannibal and the depositions were to have been taken in Hannibal. Sec. 5431, R. S. 1919; Christian v. Williams, 111 Mo. 430; Morris v. Dowell, 205 S. W. 229. (3) There is now pending in the Circuit Court of the city of St. Louis the case of Noell v. C. B. & Q. Railroad Co. et al., and it is in this case that the deposition of Charles P. Noell was to be taken in Hannibal. At the present time that suit is pending, undetermined and the issues are not joined, and respondent believes that other courts will not interfere by the writ while that suit is pending. In re Morgan, 117 Mo. 249; State ex rel. v. Walbridge, 123 Mo. 533.

WALKER, J.—This is an application for a writ of *habeas corpus,* in which the petitioner seeks release from a judgment for contempt

rendered against him by a notary public of Marion County, under which he is restrained of his liberty by the sheriff of said county, for refusing to appear before said notary public and give his deposition and testify in a certain matter in controversy pending in the Circuit Court of the City of St. Louis, between Charles P. Noell, the petitioner herein, as plaintiff, and a railroad company and others as defendants.

The sheriff's return shows that he holds 'the petitioner under the authority of a writ of attachment for contempt issued by said notary public as stated.

I.   The burden of the petitioner's complaint upon which he bases his claim for a release is, first, that the notary was without authority to issue a writ of attachment to compel the attendance of the petitioner as a witness before him in a proceeding to take depositions, and hence without jurisdiction to adjudge him guilty of contempt for his refusal to comply with said writ; second, that Section 5460, Revised Statutes 1919, in so far as it attempts to confer power upon a notary public to compel the attendance of a witness in the same manner as a court of record, is void, and in violation of Article III and Section 1 of Article VI of the Constitution of this State; and third, because the sheriff's return does not show that a subpoena was served upon the petitioner requiring his attendance as a witness before said notary public, and that his mileage fees for going to and returning from the place where the depositions were to be taken, being more than forty miles from petitioner's place of residence, and one day's attendance, were not tendered to him.

II.   The right to take depositions, which is purely statutory, may be exercised by either party to a suit, to be used in such suit conditionally (Sec. 5440, R. S. 1919).   Notaries public are designated among other officers authorized to exercise this power.   [Sec. 5443, R. S. 1919.]   Not only does this statute expressly confer this power, but in construing the same we have held that such officers in performing this function act in a judicial capacity, [State ex rel. Farber v. Shot, 304 Mo. 1. c. 527, and cases.]   In harmony with this construction and as supplemental to the power thus conferred, the statute (Sec. 5460, R. S. 1919) further provides (so far as applicable to the facts in this case) that ''every person, judge or other officer of this State required to take depositions of witnesses . . .   shall have power to issue subpoenas for witnesses to appear and testify, and to compel their attendance in the same manner and under like penalties as any court of record of this State.   Any person summoned as a witness   . . .   and attending, who shall refuse to give evidence, which may be lawfully required to be given by him,

**Valid Statutes.**

on oath or affirmation, may be committed to prison by the officer or person authorized to take his deposition or testimony, there to remain without bail until he gives such evidence or until he be discharged by due course of law.''

For almost three-quarters of a century this court in construing the foregoing statutes has uniformly held that a notary public in taking depositions is authorized to commit a witness for contempt for refusing to answer questions other than those which it is his personal privilege to refuse to answer. [Ex parte Munford, 57 Mo. 603; Ex parte McKee, 18 Mo. 599; Ex parte Priest, 76 Mo. l. c. 234; State ex rel. Farber v. Shot, 304 Mo. 523 and cases 527.] In the earlier cases this power is simply declared without a statement of the reason therefor, but in the later cases, while particularly construing other than the general statutes, the reason for the rule as applied to the latter is generally stated to be that a notary, in the taking of depositions, acts as an arm of the court and as such is clothed with judicial power. This being true, the contention that the notary was without this power must go for naught. [State ex rel. Hurwitz v. North, 304 Mo. 607; State ex rel. Farber v. Shot, 304 Mo. 523; Redmond v. Railroad, 225 Mo. l. c. 732.]

In view of the nature of the notary's power to punish a recalcitrant witness for contempt for refusing to give his deposition in a suit then pending, as at bar, it must follow as a logical sequence of the power delegated to the notary that the same rule concerning the right of due process applicable to the court must, under our law, apply to a notary. It has been held here and elsewhere from time immemorial that the right of a court to enforce its orders and decrees and to punish for contempt constitutes due process of law. The statute having authorized the delegation of this power by the courts and the same having been exercised by the notary in accordance with the prescribed procedure, the contention of the petitioner as to a denial of due process and the consequent invalidity of Section 5460, Revised Statutes 1919, is without merit. [State ex inf. Crow v. Shepherd, 177 Mo. l. c. 218, 99 Am. St. Rep. 624; Rothschild v. Steger & Sons, 256 Ill. 196, 42 L. R. A. (N. S.) 793, Ann. Cas. 1913 E, 276; In re Barnes, 204 N. Y. 108, affd. 147 App. Div. 396; Drady v. Polk Co. Dist. Ct., 126 Iowa, 345.]

III.   It is further contended by the petitioner that the service of notice upon him to take his deposition and a subpoena requiring him to attend and give testimony at Hannibal was an invalid service, the residence of the latter being at the time in the city of St. Louis. This contention assumes that notice to take a deposition and a subpoena requiring the attendance of one as a witness,

can only be served at the place of abode of the party required to be
notified or of the witness whose testimony is desired to be taken. Per-
sonal service, such as is required in this instance, is effected by serving
the person to be notified where found. [Sec. 5430, R. S. 1919; Swink
v. Anthony, 107 Mo. App. 60.]   The statute (Sec. 5431, R. S. 1919,
as amended, Laws 1925, p. 216), regulating this procedure, admits of
no other interpretation consonant with reason.   Of what possible ef-
fect, other than in the determination of his fees for attendance, can
the place of service have upon the rights of the witness when the ef-
fective purpose of the subpoena is to notify him of the time when and
the place where his deposition is to be taken?

IV.   A contention subordinate to the foregoing is that the service
is invalid in that the officer's return thereon does not show that the
petitioner resides more than forty miles from the place of trial and

**Tender of Fees:**
**Forty Miles.**

whether his legal fees have been tendered or paid to
him; that in the absence of this showing no legal
obligation was imposed upon the petitioner to at-
tend and give his testimony as required in the subpoena.   The
manner of service in this case was personal.   That it was had in
the county where the deposition was to be taken is conceded by
the petitioner and the sheriff so returns.   In addition, it is not
denied that the time and place where the testimony was to be
taken was set forth in the subpoena.   These requisites constitute the
mandatory requirements of the section (Sec. 5431, as amended, Laws
1925, p. 216), in that they contain the information necessary to com-
pel the attendance of the witness.   The added requirements of the re-
turn, as to the residence of the witness, if more than forty miles from
the place of trial, and as to the payment or tender of his fees, become
essential only in the determination of the amount of his compensa-
tion where he resides and is served more than forty miles from the
place of trial.   Where the facts are as in the case at bar, these re-
quirements as to the return become non-essential and their omission
will not lessen the duty of the witness to attend and give his testi-
mony in compliance with the mandatory terms of the subpoena. Thus
much for the construction of the law as authorized by its terms.   As
to the facts, it appears that the petitioner resided at the place of the
trial and the added requirement of the subpoena was not authorized
to be made by the sheriff, because unsupported by the facts.

Finding no merit in the petition the prisoner is ordered to be
remanded to the custody of the sheriff and by him detained until
he appears and gives his testimony in conformity with the order of
the notary public.   All concur.