Zimmerman, J.,
 

 dissenting. I cannot agree, under the circumstances disclosed, that the Court of Appeals erred in declining to go into the competency, materiality and relevancy of certain of the questions propounded to Fred J. Martin, Jr.
 

 It appears: (1) That the witness Martin was not a party to the New York proceedings in connection with which his deposition was desired; (2) that the questions objected to were within the general scope of the directions contained in the commission to take testimony issued hy the New York Surrogate’s Court; (3) that the Court of Appeals did not have before it all of the pleadings in the New York cause and was not fully cognizant of the issues there involved; and (4) that one of the attorneys stated at the outset of Martin’s examination, without objection or protest from anyone present: “In the event any objection is raised to a question, the stenographer will take down the question and the objection and the ruling will be made in New York at the proper time.”
 

 In the third paragraph of the syllabus in
 
 DeCamp
 
 v.
 
 Archibald,
 
 50 Ohio St., 618, 35 N. E., 1056, 40 Am. St. Rep., 692, the rule is announced with reference to the taking of depositions:
 

 “Where the question propounded involves no question of privilege on the part of the witness, it is his duty to answer, if ordered by the notary to do so. The question of its competency is a matter for the determination of the court on the trial of the action in which
 
 *620
 
 the evidence is taken; and if he refuses tó do so, when ordered, he may be committed as a contumacious witness.”
 

 In accord:
 
 Perry
 
 v.
 
 Rubber Tire Wheel Co.
 
 (C. C. N. Y.), 138 F., 836;
 
 Finn
 
 v.
 
 Winneshiek District Court,
 
 145 Iowa, 157, 123 N. W., 1066;
 
 Noell
 
 v.
 
 Bender, Sheriff,
 
 317 Mo., 392, 295 S. W., 532. Compare,
 
 In re Rauh,
 
 65 Ohio St., 128, 135 and 136, 61 N. E., 701.
 

 If questions should be asked which patently exceed the bounds of propriety, it seems reasonable to suppose that the notary or commissioner in charge of the examination would not order them answered.
 

 It is observed in 14 Ohio Jurisprudence, 39, Section 39, that the holding in
 
 DeCamp
 
 v.
 
 Archibald, supra,
 
 has been modified by the later cases of
 
 Ex parte Jennings,
 
 60 Ohio St., 319, 54 N. E., 262, 71 Am. St. Rep., 720, and
 
 Ex parte Schoepf,
 
 74 Ohio St., 1, 77 N. E., 276, 6 L. R. A. (N. S.), 325, which hold that a witness may refuse to answer a question he deems incompetent or irrelevant and in the event of being committed for contempt because of such refusal, may have the correctness of his position determined in a
 
 habeas corpus
 
 proceeding.
 

 However, in the
 
 Jennings case,
 
 Jennings asked discharge from a commitment made by a notary public before whom his deposition was being taken in an action in
 
 quo warranto
 
 pending in the Supreme Court of Ohio, and in the
 
 Schoepf case,
 
 Schoepf “was an officer and representative of the defendant company.” In both the
 
 Jennings
 
 and
 
 Schoepf cases,
 
 all pleadings were before the court, and both of these cases had to do with depositions taken in Ohio in connection with cases brought in Ohio.
 

 The rule is well settled in New York that in the taking of depositions for use in a cause pending in another jurisdiction, matters pertaining to the competency or admissibility of the testimony sought to be
 
 *621
 
 elicited, will be left to tbe determination of tbe foreign court.
 
 In re Roberts,
 
 214 App. Div., 271, 212 N. Y. Supp., 183.
 

 The same rule should be recognized here.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.