In the Matter of an Application for the Issuance of Subpœnas Directed to JOHN R. TOPLIFFE and Others.

Supreme Court, Special Term, New York County, February 19, 1948.

*Thew Wright, Jr.,* for Randolph H. Lee, plaintiff.

*Lee McCanliss* for Russell T. Bailey, defendant.

HOFSTADTER, J.   On the taking of a deposition of an attorney as a witness, in this State, pursuant to a commission issued out of the Superior Court of Fairfield County, Connecticut, the attorney asserts the privilege surrounding confidential communications between attorney and client.  The attorney is the New York attorney of the plaintiff in the Connecticut action. The attorney's motion to vacate a subpœena served on him was denied by this court but, in his opinion denying the motion Mr. Justice LEVY said: (N. Y. L. J., Dec. 19, 1947, p. 1821, col. 7) : " No ruling is made at this time concerning claimed privilege and confidence."  Therefore, the attorney's right to assert the privilege is still an open question which is properly raised on the conduct of his examination.

The stenographic record fortified by statements made by the respective counsel in chambers makes it clear that the attorney is being questioned regarding confidential communications between him and his client.  The attorney has asserted and the client has refused to waive the privilege.

On behalf of the examining party it is contended that the client has already waived the privilege by divulging the attorney's advice to others. The record, however, is too scant to justify the conclusion that the client made such voluntary disclosure as to remove the seal of confidence which protects communications between attorney and client. Disclosure extracted by compulsion of judicial process is not in law a voluntary disclosure. (*Gunn* v. *Robinson,* 103 Misc. 547; *Matter of Cravath,* 58 Misc. 154, and cases cited.) Nor does the client's disclosure of the attorney's communication to the client unseal the attorney's lips regarding the client's communication to him. (*Matter of Eno,* 196 App. Div. 131, 140.)

The court is aware that on the taking of a deposition here for use without the State ordinarily a very wide latitude is afforded the questioner and questions of materiality and competency are left to the trial court. (*Matter of Roberts,* 214 App. Div. 271.) But, under this rule, the court may not renounce completely its control of a proceeding being conducted under its process. The confidential relation of attorney and client is fundamental and public policy demands its protection when properly asserted. There is no claim here that the Connecticut law differs from the New York law in the treatment of professional communications between attorney and client. On the record as it now stands, it must be held that the attorney is entitled to assert the privilege which the client has refused to waive and that he has properly done so. Accordingly he will not be required to answer the pending questions.

Please call for papers which are with the clerk of Special Term, Part II.