## *Ex Parte* James E. Munford Petitioner in *Habeas Corpus.*

1. *Demurrer sustained, effect of—Suit still pending.*—When a demurrer to a petition is sustained with leave given to amend, the suit is still pending until other and final action. Either party may take depositions without waiting for further pleading.

2. *Taking depositions—State of pleading.*—The taking of depositions, under the statute, has no necessary reference to the state of the pleadings at the time of the taking. It is a provision against contingencies, for the possible condition of the cause at the time of trial. It is not essential that the notary be acquainted with the issues, or that there be in fact any issues; provided, only, that the cause has been regularly instituted and is not finally disposed of.

3. *Witness—What no ground for refusal to testify.*—It is no ground for a witness' refusal to testify, that his testimony is sought for the purpose of making a civil case against him. Every man's knowledge of facts which may be material to the administration of justice is, subject to certain exceptions of personal privilege, the property of the law.

4. *Witness—Notary Public may enforce attendance of.*—If a suit be pending, a notary public may enforce the attendance of witnesses to give their depositions, and may compel them by imprisonment to answer any questions not violative of personal privilege. But the officer cannot exercise such powers if no suit be pending; and this fact may be inquired into in a proceeding upon *habeas corpus.*

*J. E. Jones & J. M. Holmes,* for Petitioner.

*Cline, Jamison & Day,* and *T. W. Stratton,* and *E. W. & E. R. Tittmann,* Contra.

Lewis, Judge :—

The petitioner avers that he was subpœnaed to appear before C. P. Ellerbe, a notary public, and give his deposition in a cause alleged to be pending in the St Louis Circuit Court, wherein Alexander Turnbull and others were plaintiffs and James E. Munford and others defendants. That upon his failure to obey the subpœna, he was compelled by attachment

---

*The above opinion was delivered at Chambers, and is therefore no part of the official reports included in this volume. But the subject matter being of much interest to both the bar and the judiciary of the State, and the statutory provision principally involved having had no judicial interpretation hitherto, the publisher has yielded to a generally expressed wish among leading members of the profession, in making this *addendum* on his own responsibility and at his own expense.

W. J. Gilbert, Publisher.

to appear; but then declined to testify or to answer any of the questions propounded, because there was, in fact, no such suit pending as alleged, within the meaning of the statute which authorizes the taking of depositions. That thereupon he was committed to jail by the notary, from which incarceration he here demands to be released, upon the same ground which was the basis of his refusal to testify.

The statute provides that "any party to a suit pending in in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally." (Wagn. Stat., 522.)

It appears from the testimony that a suit was instituted in usual form in the court and between the parties above mentioned, but a demurrer to the petition, for failure to state a cause of action, and for other objections, was sustained by the Circuit Court. That leave was given the plaintiffs to file an amended petition within thirty days, which period has not yet expired. That no amended petition has yet been filed. It is claimed, therefore, that there is no "suit pending" within the meaning of the statute.

The argument is pressed with much ability, that there cannot be a suit, without a cause of action; that a cause of action can only appear in a sufficient petition; and that, the court having pronounced the petition insufficient, and the plaintiffs having abandoned it in obtaining leave to amend, there is therefore no petition in the case, and, necessarily, no suit about which testimony can be taken.

I am unable to yield to the force of these positions in the face of the law as I find it. It may have been very unwise in the legislature to open a door for the taking of testimony when neither the notary nor the witness can know what facts are to be tried. And yet almost every application of the statute abounds with such results. Our Supreme Court has decided that a deposition may be taken when the defendant's property has been attached and before summons served or publication made. At such a stage of proceedings it is impossible to know what facts will be denied, or whether a sin-

gle word of the testimony taken will be applicable to the issues as ultimately framed. In *Ex parte* McKee, (18 Mo., 599), the court comments on the impracticability of similar suggestions, where the officer "cannot know the aspect which the case will probably assume at the trial." Even. if the issues are framed when the deposition is taken, they may be wholly changed before it can be used on the trial. I think the entire argument is based on an erroneous view of the policy of the statute concerning depositions. It has no reference, as I understand it, to the state of the pleadings or any other existing condition of the cause in court. Its object is to secure testimony for the case in its future condition, whatever that may or may not be, at the time of trial. It is intended to guard against the contingencies of death, disease, or removal of witnesses before the trial is reached. Hence the law only requires that the suit shall be pending. The institution of the suit is the only guaranty demanded of the plaintiff's earnestness. He may then take the deposition. But every question of its necessity or admissibility, for whatever reason, is specially reserved for the trial court to pass upon at the proper time. Formerly, the statute authorizing depositions stipulated, as a pre-requisite, that the testimony should be "necessary" in the cause. It might then have been plausibly argued that testimony could never be necessary, in the absence of any petition for it to sustain. But in 1835, this condition was stricken out, and from thence hitherto nothing has been required but that a suit should be pending.

These considerations leave us no excuse for attempting to strain the words of the statute aside from their plain, literal meaning. What is a "suit?" Whatever it may have been formerly, it is now, according to Chief Justice Marshall, understood to be "the prosecution of some demand in a court of justice." Here, Turnbull and others, plaintiffs, came into the Circuit Court with a demand against the defendants. Have they failed to prosecute it? By no means. When told by the court that the form in which it was presented was insufficient to be entertained, they did not go out of court, or

abandon their demand, but at once proposed to follow it up in an amended petition. The court told them they might do this at any time within thirty days. Surely they could lose no advantage by taking the court at its word. They rightly considered themselves still in court, prosecuting their demand and failing in nothing, until the thirty days should expire without an amended petition filed. Their *suit* is in court, whatever may be said of the original petition, and whether this is abandoned or otherwise.

The history of every suit is comprehended in three stages; its institution, its pendency and its determination. When once instituted it is thenceforward pending, in every instant of time, until finally disposed of. As expressed by the superior court of New Hampshire, the term "pending" means nothing more than "remaining undecided." In Maine, where the statute is similar to ours, it was held that a case was "pending," so as to authorize the taking of depositions, even where a non-suit had been entered, but with leave to have it taken off if the plaintiff would appear on the first day of the succeeding term. Said the court: "The suit must be regarded as pending from its first institution until its final termination." (Brown vs. Foss, 16 Me., 257.) In an English chancery case, the complainant's bill was dismissed; and yet the suit was held to have been still pending, because sometime afterwards an appeal was taken to the House of Lords. (Gore vs. Stacpoole, 1 Dow., 31.)

I find no escape from the conclusion that the suit of Turnbull and others vs. Munford and others was pending, literally and within the meaning of the statute, when the notary sought to take the petitioner's deposition. The latter complains that the only object is to elicit facts from which to make a case against him. If this be so, it is a peril against which neither the constitution nor the statute has undertaken to protect him. It is well understood that a witness can never refuse to testify, on the ground that his testimony may render him liable to a civil action. In this case the witness is certainly no worse off than he would be if a petition were

on file, legally sufficient on its face, and yet, in his estimation untrue and fictitious in all its allegations, and intended only as a snare.   Would he claim, in the latter case, that the truth of the petition must first be established in order to authorize the taking of his deposition for the very purpose of establishing the same thing?   Every man's knowledge of facts which may be material to the administration of justice is, subject to certain exceptions of personal privilege, the absolute property of the law, and may be demanded of him under the forms prescribed, without any reference to his convenience or his profit or loss.

As to all other matters of inquiry in this proceeding, I consider them settled by the opinion of our Supreme Court in *Ex parte* McKee, (18 Mo., 599.) After quoting from the several statutes relating to habeas corpus, witnesses and depositions, Judge Gamble proceeds to say : "A notary public, then, being authorized to take depositions, and· having the same powers for that purpose as are conferred on justices of the peace, may summon a witness before him, and enforce his attendance, if he fails to attend ; and if he attends and refuses to give evidence which may lawfully be required to be given, the notary may commit him to prison until he give the evidence.   As to what evidence "may lawfully be required" on such occasions, the court declares this to embrace every question "which is not his *personal privilege* to refuse to answer."   It is not claimed in this case, as it was not in that, that any question of personal privilege is involved. ·The court in that case refused to issue the writ.

Upon the authority of that decision, I might have refused to issue the writ in the present case, but for the allegation in the petition, that "no such cause was pending as alleged." Taking that allegation as true for the purpose intended, I was disposed to construe every doubt in favor of the liberty of the citizen, and so not to apply Judge Gamble's opinion to a case in which the notary had never acquired any jurisdiction of the subject matter.   He is an officer of strictly defined powers, and cannot take a deposition at all, unless there be a

suit actually pending in some court. But I find the allegation on that point disproved by the testimony, and hence, I have no course left me but to remand the petitioner whence he came.