THE ORR & LINDSLEY SHOE COMPANY, Respondent, v. JAMES R. HANCE, Appellant.

St. Louis Court of Appeals, April 21, 1891.

1. **Evidence:** WAIVER OF OBJECTION TO SECONDARY EVIDENCE. When the incorporation of a party is in issue and is established without objection by oral testimony, such evidence will suffice if *no objection is made thereto.* The right to insist on the best evidence, in this case the certificate of incorporation, is waived in the absence of an objection.

2. ———: DEPOSITIONS: EXAMINATION OF WITNESSES ON SUBJECT FOREIGN TO THE ISSUES MADE BY THE PLEADINGS AT THE TIME. If a deposition is taken on behalf of a plaintiff upon *due notice to* the defendant but without any appearance by the latter, it is error to extend the examination of the witnesses to matters not germane to the subject-matter of the action, as stated by the pleadings then on file. The defendant in such a case has the right to assume that the depositions would be limited to the cause of action stated in the pleadings.

3. ———: ———: ———: WAIVER OF OBJECTION. The matter to which the examination of the witnesses had thus been extended in this cause constituted a cause of action not stated in the petition. After the filing of the depositions, the defendant by stipulation consented to the amendment of the petition by the insertion of such new cause of action therein. *Held* that, by so doing, the defendant waived his right to object to the examination of the witnesses concerning such new matter, the inference being warranted that the stipulation was entered into to conform the pleadings to the proof.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*J. D. Barnett*, for appellant.

*Johnson, Smith & Drunert*, for respondent.

(1) Defendant did not put plaintiff upon proof of its incorporation as the statute requires. R. S. 1889, sec. 2186. Besides, appellant having dealt with respondent as a corporation, is estopped from denying its corporate existence, and proof of such fact was, therefore, wholly unnecessary. *Gas Co. v. City*, 11 Mo. App. 55; 84 Mo. 202; *Broadwell v. Merritt*, 87 Mo. 95. (2) The taking of depositions has no reference to the then existing condition of the cause ; but it is for the case in its future condition, whatever that may be at the trial, and may be taken before any or all of the issues are framed. *Ex parte Mumford*, 57 Mo. 603 ; *Ex parte Livingston*, 12 Mo. App. 80. (3) But defendant agreed that the amended petition might be filed, expressly providing by stipulation, duly filed, for setting up an additional count for goods and merchandise, not included in original petition.

BIGGS, J.—The defendant on this appeal assigns two grounds for the reversal of the judgment against him, viz. : *First*. That there was no competent proof of the corporate existence of the plaintiff. *Second*. That there was no competent evidence offered to establish the indebtedness mentioned in the sixth count of the petition, which amount was included in the finding and judgment.

The plaintiff is engaged in the mercantile business in the city of St. Louis, and the defendant is a merchant at Montgomery City. The original petition contained seven counts for goods alleged to have been sold to the defendant at different times and upon different terms. A few days after the suit was instituted, the plaintiff, upon due notice to the defendant, took the deposition of witnesses in the city of St. Louis to

establish the sale of the goods. The defendant failed to appear, and the depositions were taken *ex parte.* In addition to the goods mentioned in the original petition, the witnesses were interrogated as to another sale of goods to the defendant. When these depositions were filed, the plaintiff by leave of court amended its petition by inserting another count so as to include the sale which had been omitted. This additional cause of action was designated in the amended petition as the sixth count. On the trial defendant objected to the evidence in the depositions in respect of the goods mentioned in the sixth count upon the ground, that, at the time the depositions were taken, there was no suit pending as to them. The court overruled the objection, and that action of the court constitutes one of the defendant's assignments.

One of the plaintiff's witnesses stated that the plaintiff was a business corporation, organized under the laws of the state of Missouri. There was no objection made to the admission of this evidence, and it was all the evidence in the case tending to prove the plaintiff's incorporation. It is supposed by the defendant's counsel that on this issue there was an entire failure of proof. There is no merit whatever in this assignment. The best evidence that the plaintiff was a corporation would certainly have been the certificate of incorporation issued by the secretary of state. But that did not preclude the defendant from waiving the production of the certificate for that purpose, which we must hold that he did do, when he failed to object to the admission of the secondary evidence. We held in the case of *Kinion v. Railroad,* 39 Mo. App. 382, that the consolidation of two railroads under the laws of the state could be established by the evidence of a witness who was in a position to know the fact, when no objection was made to the evidence at the time it was offered. We can see no good reason why the same rule should not apply when the corporate existence of a corporation is in issue. This

issue in most cases is a mere formal one, and courts are not inclined to give a willing ear to technical objections concerning its proof.

It was error to extend the examination of the witnesses, whose depositions were read in evidence, to matters not germane to the subject-matter of the action as it then appeared by the petition on file. When the defendant was served with the notice to take depositions he had the right to assume that the inquiry would be confined to the causes of action stated in the petition. To that extent he was originally bound, and no further. As to this cause of action we are forced to hold that the depositions were taken without notice and without authority of law.

The cases relied on by the plaintiff are inapplicable. The facts are essentially different. In *Ex parte Mumford*, 57 Mo. 603, the circuit court had sustained a demurrer to the petition in a case in which Mumford, the petitioner, was the defendant. Leave was given the plaintiff to file an amended petition within thirty days. Before the amended petition was filed the defendant was subpoenaed to appear before a notary to give his deposition in the case. He declined to answer the questions propounded to him because there was no "suit pending." The court held that he must testify, although the amended petition had not been filed,—that there *was* a suit pending within the meaning of the statute. It was nowhere intimated that the questions propounded were not pertinent or germane to the action.

In *Ex parte Livingston*, 12 Mo. App. 80, the witness declined to answer questions, because, in his opinion the questions were irrelevant, and for the additional reasons that the issues in the case had not been made up. The only matters passed on by the court were, that depositions could be taken as soon as a suit was filed, and that, if the questions asked were not entirely foreign to the subject-matter of the suit, the witness would be compelled to answer.

We are clearly of the opinion that the law is as contended for by the defendant's counsel, and his last assignment would have to be sustained were it not for a stipulation signed by him and filed as a paper in the cause. A short time after the depositions were taken and filed, the parties entered into a written stipulation, in which the defendant agreed that the original petition might be amended so as to include the bill of goods which had been inadvertently omitted. This proposed amendment introduced a new cause of action, and could have been made only by the consent of the defendant. He did consent, and this warrants the inference that the stipulation was entered into to conform the pleadings to the proof. This view is strengthened by the fact, that the record is perfectly barren of any evidence showing that the defendant had any defense to the action as originally brought, or as afterwards amended. We will, therefore, rule this assignment likewise against the defendant.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It will be so ordered.