State ex rel. Farber v. Shot.

---

THE STATE ex rel. A. D. FARBER v. FLORENCE SHOT and JOHN O. FISHWICK.

In Banc, July 3, 1924.

1. **PROHIBITION: To Restrain Notary Public.** A notary public performs judicial functions, and a writ of prohibition is available to prevent a notary public from taking depositions in a matter in which he has no authority to issue compulsory process for involuntary witnesses.

2. ———: **Proper Parties.** The person who files charges with the State Board of Health, asking the board to examine into such charges and, if found true, to revoke the license of a physician, is not a proper respondent to a writ of prohibition to restrain the board from entertaining such charges, and as to him the writ is dismissed.

3. **DEPOSITIONS: Notary Public: Compulsory Process: In Matter Pending Before Board of Health.** Under the statutes a notary public has authority to issue compulsory process to involuntary witnesses and take their depositions to be used as evidence by the State Board of Health in the investigation of charges against a physician filed with the board.

4. ———: **Insufficient Pending Charges.** Insufficiency in law of charges pending before the State Board of Health is no ground for prohibiting a notary public from taking depositions to be used as evidence in an investigation of the charges. Although the statute fixes the grounds upon which the license of a physician may be revoked, a legal action is pending before the board when charges are filed and notice is given, and whether they charge an act denounced by the statute is not determinative of the notary's authority to take depositions. The word "conditionally" used in the pertinent statute (Sec. 5440, R. S. 1909) goes to the right to use

the deposition in the hearing, and not to the right to take it. It is the pendency of a suit, or the pendency of charges before the board, and not the sufficiency of the petition, or the sufficiency of the charges, which determines the right to take depositions.

5. ———: ———: Corrected by Certiorari. If the charges filed with the State Board of Health do not state a statutory ground for revoking a physician's license, he has a remedy, if his license is revoked, by the writ of *certiorari* to review its acts in the circuit court.

Headnote 1: Notaries, 29 Cyc. 1086; Prohibition, 32 Cyc, 600. Headnote 2: Prohibition, 32 Cyc. 625. Headnotes 3 and 4: Depositions: 3, 18 C. J. sec. 195; 4, 18 C. J. sec. 22 (1926 Anno). Headnote 5: Physicians and Surgeons, 30 Cyc. 1558 (1926 Anno).

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*Coffman & Jackson* for relator.

(1) Sec. 7336, R. S. 1919, gives the State Board of Health power to revoke the license of a physician, for certain causes therein stated. This statute is penal and not remedial, and therefore must be construed strictly against the board, and liberally in favor of relator. State ex rel. v. Robinson, 253 Mo. 271, 284 (2) Sec. 5440, R. S. 1919, provides for the taking of depositions in civil cases. A "suit" is generally understood to apply to any proceeding in a court of justice, by which an individual pursues a remedy in said court which the law affords him. Eckerle v. Wood, 95 Mo. App. 379, 384. The complaint filed before the board fails to state any act designated by the statute as a ground for revoking a physician's license, and such board would have no right to revoke such license even though said charges were true, and therefore has no jurisdiction in said proceeding, and therefore no suit is pending. State ex rel. v. Robinson, 253 Mo. 271, 287. And there was no proceeding pending before such Board which authorized it to act at all. Aven

v. Wynes, 223 S. W. 583. A court is a judicial tribunal, or assembly. State ex rel. v. Woodson, 161 Mo. 444. The State Board of Health is not a court and is not a judicial tribunal. State ex rel. v. Goodier, 195 Mo. 551, 559. (3) Sec. 5443, R. S. 1919, authorizes the taking of depositions by a notary public. Courts at common law had no inherent power to authorize the taking of depositions, and in our courts such authority is purely statutory and therefore such statute must be strictly construed. Burnett v. Prince, 272 Mo. 68, 75; Patterson v. Fagan, 38 Mo. 70, 79; Ex parte Mallinkrodt, 20 Mo. 493. No power can flow from the board to the notary, for the board has no authority to subpoena witnesses and compel their attendance. State ex rel. v. Goodier, 195 Mo. 551, 559.

*Jesse W. Barrett,* Attorney-General, *J. Henry Ca-ruthers,* Assistant Attorney-General, and *Bass & Bass* for respondents.

(1) With the Legislature rests the only power for granting authority for taking depositions. It alone can say by whom, when and under what circumstances and conditions depositions may be taken and used. Art. 4, chap. 34, R. S. 1919; Burnett v. Prince, 272 Mo. 75; State ex rel. v. Taylor, 268 Mo. 318. (2) That portion of Section 7336, relating to the taking and using of depositions before the State Board of Health is a special statute and modifies the general statutes on depositions in respect to their use before the board. The special will prevail over the general statute. 36 Cyc. 1151; Ackerman v. Green, 201 Mo. 244. The two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy. 36 Cyc. 1151. (3) The State Board of Health is not a judicial body, and does not exercise judicial functions in conducting an investigation or trial for the purpose of determining whether license to practice medicine and

surgery should be revoked, and has no power to issue subpoenas or other compulsory process in order to secure testimony from witnesses unwilling to attend voluntarily. To meet this situation and provide means for securing full and complete information by both the board and the accused, the Legislature has provided that depositions may be taken and used, not on conditions, but absolutely. Sec. 7336, R. S. 1919; State ex rel. v. Goodier, 195 Mo. 559, 563.

GRAVES, C. J.—Original action in prohibition. John O. Fishwick filed before the State Board of Health written charges against Dr. A. D. Farber, the relator in the instant proceeding. It was asked by complainant that the State Board of Health, examine into said charges, and if found true that such board revoke the license of the said Farber to practice medicine and surgery in this State and in the city of St. Louis, where said physician was practicing. Said State Board of Health fixed a time to hear said charges in the city of St. Louis, and caused notice to be served upon Dr. Farber, and with the notice a copy of the charges aforesaid. Dr. Farber moved the said board to dismiss the charges for several reasons, which if material will be noted later. This motion was overruled, and upon the day named in the notice the said board began the examination, but continued the hearing to a later date for the purpose of procuring evidence by way of depositions. Thereafter respondent Shot issued a notary's subpoena for one F. G. Blattner, in which she as a notary public required said Blattner to appear and "then and there testify, and the truth to say, in a certain cause now pending before the State Board of Health wherein John O. Fishwick, is the complainant, in re: Dr. A. D. Farber, on part of complainant."

It was to stop the taking of this testimony that our writ herein was sought, and by this court granted, to the end that the matter might be determined here. There

are no disputed facts, and our determination will be upon mere questions of law.

I.  The right of the notary to take the deposition in this case is attacked in a twofold manner.  First, it is said that the charges made against Dr. Farber, even if true, would not authorize the State Board of Health to revoke his license.  In other words, it is contended that the statute fixes the grounds upon which a license can be revoked, and the charges pending before the State Board are not of the statutory character.  This contention is that the pending charges are insufficient in law to invoke the action of the State Board, and hence there is no legal action pending upon which evidence in deposition form could be taken.  Secondly, it is contended that although the charges are sufficient in law to invoke the jurisdiction of the State Board, and to require such body to act and investigate, yet there is no power in said body to have and to issue process for witnesses, and hence no power in said body to have the evidence of witnesses taken by deposition, through process issued by a notary public.  Of these questions in inverse order.

II.  This is an action in prohibition, but respondents do not question the propriety of the writ of prohibition in the present situation.  The writ was evidently
Prohibition.  invoked as against the notary public because of rulings by this court to the effect that the State Board of Health is not a court or judicial body. [State ex rel. v. Goodier, 195 Mo. 551; State v. Hathaway, 115 Mo. 36.]

We have ruled, however, that a notary public performs judicial functions.  [Burnett v. Prince, 272 Mo. 1. c. 75; Redmond v. Railroad, 225 Mo. 1. c. 732; Ex parte McKee, 18 Mo. 600.]  So, that on this theory our writ as against the notary public is well enough, and especially so as it is not challenged.  The courts of appeals have likewise ruled.  [Swink v. Anthony, 96 Mo. App. 1. c.

424; Gharst v. St. Louis Transit Co., 115 Mo. App. l. c. 408.]

III. The real question is that, inasmuch as the State Board cannot issue a subpoena or other process for the involuntary witnesses desired in an investigation before it, a notary public has no power to take

**Compulsory Process.** the evidence of such witnesses by compulsory process, and return such evidence to the State Board. The State Board of Health does not claim (in this proceeding) that it had or has the right to issue a subpoena for witnesses or force the attendance of witnesses. Such board claims that it has been granted the power and right to investigate charges against a licensed physician, and has been given the right and power to hear such charges upon depositions taken before a notary public. This power and right said board claims by virtue of Section 7336, Revised Statutes 1919.

This section does provide for a hearing upon charges filed against a physician. The section provides that upon such hearing. "The board may receive and consider depositions and oral statements and shall cause stenographic reports of the oral testimony to be taken and transcribed, which, together with all other papers pertaining thereto, shall be preserved for two years." And in such section is found this further provision: "Testimony may be taken by deposition, to be used in evidence on the trial of such charges before the board in the same manner and under the same rules and practice as is now provided for the taking of depositions in civil cases."

The section also provides that a physician whose license has been revoked may have the proceedings before the State Board of Health reviewed upon *certiorari* "by the circuit court of the county in which said board held its session when said license was revoked."

The ruling of a circuit court has been duly reviewed in this court upon appeal by the aggrieved party in the circuit court. [State ex rel. v. Clark, 288 Mo. 659.]

The granting and revoking of such licenses are proper subjects of regulation under the police power of the State. [State v. Hathaway, 115 Mo. 1. c. 46.]

In the exercise of that power the lawmakers had the right to vest in the State Board of Health the power to investigate and license physicians, and to investigate charges against a licensed physician, and in proper cases to revoke such license. This much does not seem to be denied. The section of statute here for review, not only empowers this board to hear and determine the charges, but says that it may consider depositions in the course of such hearing. Not only so, but it specifically provides in the last portion thereof that testimony for the use of said board may be taken by deposition "under the same rules and practice as is now provided for the taking of depositions in civil cases."

Under this statute, if there is an investigation pending before the State Board of Health, then testimony for the purpose of the hearing "may be taken by deposition to be used in evidence" in the same manner as depositions are taken to be used in evidence in civil cases. It does not mean that there must be a cause pending in a court. It must be conceded that this board is not a court, and that the hearing before it is not a judicial trial, but it does not follow from this that the lawmakers may not provide that evidence may be taken and heard before a body of the character involved here. The statute does mean that charges pending before the State Board of Health have, so far as the right to take depositions is concerned, the same status as a cause pending in a court. The Legislature could have granted the board the power to procure evidence by compulsory process. Instead of giving the board the express power to summon witnesses and hear the evidence orally, it was provided that voluntary witnesses might be heard, and their evidence taken and transcribed, and other evidence could be heard by way of depositions. The statute not only authorizes the board to hear evidence by depositions,

304 Mo.—34.

but also authorizes the taking of depositions in the same manner as depositions are taken for use in civil cases. So that, when there are pending before the State Board of Health charges against a physician, and said physician has been given notice thereof, as in this case, then the pendency of such charges authorizes a notary public to take testimony by depositions, just as such notary public is authorized to take, testimony in a case pending in a court. Such is the reasonable construction of this law. On this theory of the case the writ should be denied.

IV.   The further contention in the relator's petition is, as we have indicated, that the charges preferred against Dr. Farber are not such charges as will invoke the jurisdiction of the board. In other words, it is claimed that the statute limits the character of charges which may be investigated by the board, and that the written charges pending before the board against Dr. Farber are not those covered and marked out by the statute. And from this it is urged that there is nothing pending before the State Board of Health which would authorize the taking of depositions. To use the language of the brief:

*Insufficient Charges.*

"The complaint filed before the board in this case fails to state any act designated by the statute as a ground for revoking a physician's license, and such board would have no right to revoke such license even though said charges were true, and therefore has no jurisdiction in said proceeding before them, and therefore no suit is pending. And there was no proceeding pending before such board which authorized it to act at all."

This contention, reduced to the simple issue raised, is that, because (as alleged) the charges pending are insufficient in law, the notary public was unauthorized to act. Charges were filed and pending. Notice of the charges and a copy thereof were served upon Dr. Farber. This notice fixed the date of hearing. Dr. Farber appeared and moved to dismiss the charges for the very

reason now urged, i. e. that they were insufficient in law. Due notice of the taking of the deposition was given. So that we have the simple issue, i. e. if a petition in a case before a court states no cause of action, can a notary public be prohibited from taking a deposition in the case for that reason? We use the term court, because the Legislature has the power to authorize the State Board of Health to conduct investigations, by the hearing upon charges filed before it, as a court has power to try the issues in a case before it, and in this way the right of the notary public to proceed are the same in each proceeding. This, because by statute the notary public is empowered to take evidence in the one case, just as in the other.

Section 5440, Revised Statutes 1919, the statute which authorizes the taking of depositions, reads: "Any party to a suit *pending* in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally." It has been ruled that the right to take the deposition is not conditional, but the word "conditionally" used in the statute goes to the right to use the deposition and not to the right to take it. [State ex rel. Wilson v. Burney, 193 Mo. App. 326.]

The thing which determines the right to take the deposition is the *pendency* of a suit. As long as there is a suit pending there is the right to take the depositions. In this case, as long as there are charges pending the right to take depositions exists. It is the pendency of the suit and not the character and sufficiency of the petition (in this case the charges) which determines the right to take the depositions. [Ex parte Munford, 57 Mo. 603.]

In the Munford Case a demurrer to the petition had been sustained, and leave granted to file an amended petition within thirty days. The plaintiffs in the case in which Munford was defendant, within the thirty days, but before the actual filing of an amended petition, undertook to take Munford's deposition. He refused to obey the process from a notary public and was com-

mitted for such refusal. The court ruled that a suit was pending, and upon a trial in *habeas corpus* remanded Munford.

The exact question was ruled by the St. Louis Court of Appeals in State ex rel. v. Killoren, 229 S. W. l. c. 1099. In that case Judge Killoren had issued a restraining order preventing a plaintiff, who had filed a petition in equity to set aside a decree of divorce, from taking a deposition. The case before the Court of Appeals was one in prohibition on account of such restraining order. The Court of Appeals says:

"It appears from the record in this case that the main ground for making the restraining order, of January 24, 1921, was the conclusion reached by the learned respondent that the petition, in the suit in which the notice to take depositions was given, did not state facts sufficient to constitute a cause of action. The statute has no reference to the state of pleadings in the suit pending. The failure of the petition to state a cause of action will not deprive a party to a suit of the right to obtain the deposition of a witness. It is therefore unnecessary for us to decide whether or not the said petition was subject to demurrer. The conclusion announced in the case of Ex parte Munford, 57 Mo. 603, is decisive of the question under discussion."

Upon principle it occurs to us that these rulings are correct. A suit is pending until it is finally determined. If the petition states no cause of action, it may be amended, while the suit is yet pending. In that there is an investigation now pending before the State Board of Health, the complainant in that proceeding had the legal right, under the statutes which we have discussed, to take depositions, and our writ should be denied upon this ground.

V. One other thought occurs to us in the disposition of this case. The statute which provides for a hearing of cases of this character by the State Board of Health

**Remedy by Certiorari.** also provides for a *certiorari* proceeding to review the action of the board by the circuit court. The judgment of the circuit court in the *certiorari* proceeding is appealable as are other judgments of a circuit court. So that there is ample remedy, if perchance the charges preferred are unauthorized by law.

The complainant is not a necessary party to this action and should and is dismissed herefrom, but as to the notary public the writ should be denied, and our rule to show cause discharged. It is so ordered. All concur; *James T. Blair, J.,* in paragraphs 3, 4, 5 and the result.