MISSOURI ex rel. HURWITZ v. NORTH et al.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 209.   Submitted March 12, 1926.—Decided April 12, 1926.

1. A state statute which authorizes a board of health to revoke the
   license of a physician upon the ground that he has unlawfully pro-
   duced an abortion, giving him reasonable notice, specification of
   charges and opportunity to be heard with his witnesses before the
   board, with a right of review in the state courts, *held* valid under
   the due process and equal protection clauses of the Fourteenth
   Amendment. Mo. Rev. Stat. § 7336.  Pp. 41, 43.
2. Failure of the statute to authorize the board to subpoena wit-
   nesses is not an objection, the right to compel their testimony by
   deposition being granted.  P. 42.

304 Mo. 607, affirmed.

ERROR to a judgment of the Supreme Court of Mis-
souri, which affirmed the state circuit court in sustain-
ing, on certiorari, an order of the Board of Health re-
voking the license of the plaintiff in error to practice in
the State as a physician.

*Mr. I. V. McPherson* for plaintiff in error.

*Messrs. North T. Gentry* and *J. Henry Caruthers* for
defendants in error.

MR. JUSTICE STONE delivered the opinion of the Court.

Plaintiff in error was a physician licensed to practice
by the State Board of Health of Missouri.  On complaint
made to the Board, and after notice and hearing, his
license to practice was revoked on the ground that he had
unlawfully produced an abortion.  The proceedings
before the Board were reviewed on certiorari by the state
Circuit Court and the determination of the Board sus-
tained.  On appeal to the Supreme Court of Missouri,

the judgment was affirmed. 304 Mo. 607. The case comes here on writ of error. Jud. Code, § 237.

By § 7336 of the Missouri Revised Statutes, the State Board of Health is authorized to grant licenses for the practice of medicine within the State, and, after hearing, to revoke licenses " for producing criminal abortions," and for other specified causes. Hearings are required to be upon twenty days' written notice personally served upon the physician against whom charges are made, containing "an exact statement of the charges and the date and place set for hearing." The statute provides:

"Testimony may be taken by deposition to be used in evidence at the trial of such charges before the Board in the same manner and under the same rules and practice as is now provided for the taking of depositions in civil cases."

It is also provided that proceedings before the Board may be reviewed by the state Circuit Court on certiorari and, as was done here, an appeal may be taken from the judgment of the Circuit Court to the Supreme Court of the State.

Plaintiff's assignments of error assail the correctness of various rulings of the state court as to the meaning and effect of the statute drawn in question. These assignments must be disregarded here, as upon writ of error to a state court we are bound by its construction of the state law. See _West_ v. _Louisiana,_ 194 U. S. 258; _Gatewood_ v. _North Carolina,_ 203 U. S. 531, 541; _Watson_ v. _Maryland,_ 218 U. S. 173; _Schneider Granite Co._ v. _Gast Realty Co.,_ 245 U. S. 288, 290. The Supreme Court of Missouri held that in the proceedings for the revocation of the plaintiff's license, he was entitled to take testimony on deposition, as provided by the statute, but not to subpoena witnesses to appear before the Board, and that his application for such subpoenas was properly denied. It is assigned as error that these rulings and the revocation

of plaintiff's license by the State Board of Health were a denial of due process of law and of the equal protection of the laws under the Fourteenth Amendment.

It has been so often pointed out in the opinions of this Court that the Fourteenth Amendment is concerned with the substance and not with the forms of procedure, as to make unnecessary any extended discussion of the question here presented. The due process clause does not guarantee to a citizen of a State any particular form or method of state procedure. Its requirements are satisfied if he has reasonable notice, and reasonable opportunity to be heard and to present his claim or defence, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it. *Hurtado v. California,* 110 U. S. 516; *Maxwell v. Dow,* 176 U. S. 581; *Louisville & Nashville R. R. v. Schmidt,* 177 U. S. 230; *West v. Louisiana, supra; Twining v. New Jersey,* 211 U. S. 78; *Oregon R. R. & N. Co., v. Fairchild,* 224 U. S. 510.

The procedure authorized by the Missouri statute as it was applied by the Board satisfied these requirements. The notice prescribed was reasonable. The testimony of all witnesses who appeared before the Board was taken and recorded, including that of the plaintiff in error. Although the statute did not authorize the Board to issue subpoenas, the plaintiff in error was authorized, as the state court held, to take the depositions of witnesses who did not voluntarily appear. See *State ex rel. Farber v. Shot,* 304 Mo. 523. Officers who take depositions are authorized to compel witnesses to attend and give testimony. Mo. Rev. Stat. (1919) § 5460. The depositions, when taken, may be read at the hearing before the Board. *State ex rel. Farber v. Shot, supra.* The procedure prescribed and followed here gave ample opportunity to plaintiff to make a defense to the charges preferred and there was no denial of due process.

Nor did the statute deny to the plaintiff in error the equal protection of the laws. A statute which places all physicians in a single class, and prescribes a uniform standard of professional attainment and conduct, as a condition of the practice of their profession, and a reasonable procedure applicable to them as a class to insure conformity to that standard, does not deny the equal protection of the laws within the meaning of the Fourteenth Amendment. *Dent* v. *West Virginia,* 129 U. S. 114; *Reetz* v. *Michigan,* 188 U. S. 505; *Watson* v. *Maryland,* *supra.*

The judgment of the Supreme Court of Missouri is

*Affirmed.*