DOMENGEAUX, Judge.
This appeal is before us from an affirmation by the district court of the decision of the Board of Review and the Appeals Referee, denying the plaintiffs’ claim for unemployment benefits because they were discharged by their employer for misconduct connected with their employment. La. R.S. 23:1601(2).
The plaintiffs, two truck drivers, sent by their employer to Cleveland, Mississippi, to pick up and return with loads of rice, arrived too late to be loaded. They were told *988 by their employer over the telephone to remain overnight, but refused to do so. Benefits were denied as it was found that the employees’ refusal was unreasonable under the circumstances.
After a careful review of the record, we are convinced that the factual findings of the Appeals Referee and Board of Review are supported by sufficient evidence, no fraud was involved, and that the law has been correctly applied in these claims. Consequently, the judgment appealed from will not be disturbed. La.R.S. 23:1634.
A copy of the district judge’s reasons for judgment, which we approve, is annexed hereto as appendix “A”.
All costs are assessed against plaintiffs-appellants.
AFFIRMED.
APPENDIX “A”
REASONS FOR JUDGMENT
This is a suit for judicial review of an administrative determination that plaintiffs are not entitled to unemployment compensation. La.R.S. 23:1634.
Plaintiffs were denied benefits because the Administrator found that they were discharged for misconduct connected with their employment. La.R.S. 23:1601(2).
The scope of judicial review is a limited one confined to questions of law. La.R.S. 23:1634 sets forth the standard and provides in pertinent part as follows:
“ ... In any proceeding under this Section the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court....”
The questions before the court are:
(1) Was the appeals referee’s decision as affirmed by the Board of Review based on sufficient competent evidence, and
(2) As a matter of law did the findings of fact by the appeals referee as affirmed by the Board of Review, justify the decision of the appeals referee as affirmed by the Board of Review.
DENIAL OF DUE PROCESS
Plaintiffs first claim that they were denied due process of law in that the hearing was conducted by the appeals referee over the phone and they had no reasonable means nor time for compulsory production of witnesses.
The Court finds that the telephone hearing procedure satisfies the requirements of due process of law. The due process clause does not guarantee any particular form or method of procedure. Its requirements are satisfied if a party has reasonable notice and reasonable opportunity to be heard and to present his claim. State of Missouri, ex rel Hurwitz v. North, 271 U.S. 40, 46 S.Ct. 384 [70 L.Ed. 818] (1926). Claimants received notice of the telephone hearing which explained fully the procedure to be followed, their rights to testify, to produce exhibits and to have other witnesses participate in the hearing by phone. Plaintiffs therefore had reasonable notice and reasonable opportunity to be heard and to present their claim.
FACTS AS FOUND BY APPEALS REFEREE
Each plaintiff’s case was handled separately by the appeals referee, however, the findings of fact in each case were essentially the same.
Plaintiffs worked for Kaplan Rice Mill for approximately eight months as truck drivers. Their job was to haul and pick up rice at various locations. Their hours varied from ten to twelve hours per day, five days a week, and for their services they were paid a rate per load, or an hourly wage of $3.60. On June 24,1982, plaintiffs and two other truck drivers were told at 8:30 A.M. to pick up a load of rice at Cleveland, Mississippi. They were supposed to be there by 4:00 P.M. They did not leave until 11:30 A.M., after servicing their trucks and did not arrive until 6:00 *989 P.M. Upon arrival there was no one there to load them. A call was made to the dispatcher who told them someone with the company would bring them some money. When they called back they were told to stay overnight. The dispatcher had contacted Mr. Sword, the defendant’s supervisor, and after several telephone calls Mr. Sword had located a hotel that would accept his credit card for rooms and food for the drivers. However, when he talked to Jim Hinton, one of the drivers, at the hotel, he was told the other three had left. Plaintiffs refused to stay overnight to be loaded because they were not being paid by the hour.
CONCLUSION BY APPEALS REFEREE
The appeals referee concluded that the plaintiffs’ reasons for not staying overnight as requested by their employer to load their truck was because they were not being paid by the hour. Previously, plaintiffs had made a similar trip which required them to stay overnight and were not paid by the hour. It was an emergency situation caused by plaintiffs not leaving in time to arrive at their destination in time to be loaded. The company did provide the lodging necessary for them to stay overnight. Considering all the facts in the case, the appeals referee, deciding the decision of the agency denying benefits for misconduct connected with plaintiffs’ employment, was warranted.
CONCLUSIONS BY THE COURT
Plaintiffs were discharged from their employment for misconduct connected with their employment. The “misconduct” in this case was the plaintiffs’ failure to carry out the instructions of their employer by remaining in Mississippi overnight at their employer’s expense even though they were not being paid by the hour.
Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer’s interest; a deliberate violation of the employer’s rules; a disregard of standards of behavior which the employer has the right to expect of his employees; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. See Atkins v. Doyal, 274 So.2d 438 (La. App. 1st Cir.1973) and authorities therein cited. The failure of an employee to follow a direct order of his supervisor can constitute misconduct which would disqualify him from receiving unemployment benefits. See Giss v. Sumarall [Sumrall], 409 So.2d 1227 (La.App. 2nd Cir.1981).
The question in this case is whether the conduct of plaintiffs in not staying in Mississippi overnight after arriving late and being told by the employer to remain overnight after arrangements had finally been made for food and lodging was reasonable under the circumstances. The plaintiffs’ main reason for not staying overnight was because they were not being paid by the hour. The appeals referee in effect held that considering all of the facts the plaintiffs’ refusal to remain in Mississippi overnight was unreasonable, and amounted to a failure to follow a direct order of their employer which was misconduct disqualifying them from receiving unemployment compensation benefits.
The Court concludes that the decision reached by the appeals referee, as affirmed by the Board of Review, is based on sufficient competent evidence and as a matter of law justifies the denial of unemployment compensation benefits since plaintiffs were discharged from their employment for misconduct connected therewith, and accordingly plaintiffs’ petition is dismissed and the decision of the appeals referee, as affirmed by the Board of Review, is affirmed.
Jennings, Louisiana, this 18th day of March, 1985.
/s/ William N. Knight WILLIAM N. KNIGHT, District Judge