504 So.2d 864 (1987)
Ivey SCHEXNIDER, Jr. and James H. Schexnider
v.
C.J. BLACHE, Administrator, Office of Employment Security; and Kaplan Rice Mill.
No. 86-C-2381.
Supreme Court of Louisiana.
April 6, 1987.
David J. Williams, Lake Charles, for applicant.
James A. McGraw, Herman Robinson, Denise A. Nagel, Baton Rouge, for respondent.
COLE, Justice.
We are presented with the question of whether or not the plaintiffs' inability to subpoena witnesses for an administrative hearing conducted telephonically denied them due process.
The trial court affirmed the decision of the appeals referee and the Board of Review denying unemployment benefits and held the telephone hearing satisfied due process because the plaintiffs were given reasonable notice and an opportunity to be heard. The Court of Appeal affirmed, 495 So.2d 987. We find the plaintiffs were denied due process and therefore reverse and remand.
Ivey Schexnider, Jr. and James H. Schexnider, truck drivers for Kaplan Rice Mill, were discharged by their employer and thereafter applied for unemployment benefits. From this initial adverse determination, plaintiffs appealed. Each plaintiff's case was handled separately by the appeals referee. However, the findings of fact in each case were essentially the same.
The plaintiffs worked for Kaplan Rice Mill for approximately eight months prior to the incident which precipitated their discharge. Their job was to haul rice from various locations, working from 10 to 12 hours per day, 5 days a week. For their services they were paid a rate per load, or an hourly wage of $3.60. On June 24, 1982 plaintiffs reported for work in Lacassine, Louisiana and along with two other truck drivers were told at 8:30 A.M. to pick up a load of rice in Cleveland, Mississippi. They were supposed to be there by 4:00 P.M. They did not leave until 11:30 A.M., after servicing their trucks, and did not arrive until 6:00 P.M. When they arrived there was no one on duty to load the trucks. A call was made to the dispatcher in Lacassine who told them someone with the company would bring them some money. When they called back they were told to stay overnight. The dispatcher had contacted *865 Mr. Sword, the Kaplan supervisor, and after several telephone calls Mr. Sword located a hotel that would accept his credit card for rooms and food for the drivers. However, when he talked to Jim Hinton, one of the drivers, he was told the plaintiffs and one other driver had left. Plaintiffs refused to stay overnight to have their trucks loaded because they were not being paid by the hour. When the plaintiffs returned to work, they were discharged.
The plaintiffs were denied unemployment benefits because they were found to have been discharged for misconduct connected with their employment. La.R.S. 23:1601(2). Their appeal from this denial of benefits was to an appeals referee who conducted the proceedings through the facility of a telephone conference.
The plaintiffs received notice of the telephone hearing, of their right to testify, to produce exhibits, and to have other witnesses participate in the telephone hearing. However, they were not instructed as to any procedure for subpoenaing witnesses. They were simply instructed if they had witnesses they wanted to participate in the hearing, it was their responsibility to see that the witnesses were available at the telephone from which plaintiff would be speaking at the time of the hearing. Plaintiffs had two witnesses who were with them during the incident which led to their being fired. Both of these witnesses were co-employees with the plaintiffs at Kaplan Rice Mill, and at least one of the two witnesses was still employed by Kaplan Rice Mill at the time of the hearing. The witnesses did not testify during the telephone hearing, only the employer and plaintiffs testified.
Both lower courts found the telephone conference procedure satisfied due process requirements saying the due process clause does not guarantee any particular form or method of procedure. Citing State of Missouri, ex rel Hurwitz v. North, 271 U.S. 40, 46 S.Ct. 384, 70 L.Ed. 818 (1926), the Court of Appeal found due process requirements are met if a party has reasonable notice and reasonable opportunity to be heard and to present his claim.
The Louisiana Unemployment Compensation law (La.R.S. 23:1471-1732) gives the administrator, any appeal tribunal referee, the members of the board of review and any duly authorized representative of any of them, the power to, among other things, take depositions and issue subpoenas to compel the attendance of witnesses and the production of documents "deemed necessary as evidence in connection with a disputed claim." La.R.S. 23:1661. This law further provides the manner in which appeals are presented and the conduct of hearings and appeals "shall be in accordance with regulations prescribed by the board of review for determining the rights of the parties ..."; and, witnesses subpoenaed shall be allowed fees at a rate fixed by the administrator. La.R.S. 23:1631.
In these matters, the scope of judicial review is limited to questions of law. La. R.S. 23:1634(B) defines the role of the court with respect to the facts as found by the board of review. This statute provides, in pertinent part:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.
Typically the courts have held the rights required for due process in administrative hearings include the right to:
(1) notice, including an adequate formulation of the subjects and issues involved in the case;
(2) present evidence (both testimonial and documentary) and argument;
(3) rebut adverse evidence, through cross-examination and other appropriate means;

*866 (4) appear with counsel;
(5) have the decision based only upon evidence introduced into the record of the hearing;
(6) have a complete record, which consists of a transcript of the testimony and arguments, together with the documentary evidence and all other papers filed in the proceeding.
B. Schwartz, Administrative Law 203-204 (1984)
In the present case it is the opportunity to present testimonial evidence to rebut adverse evidence which is at issue. The U.S. Supreme Court has recognized the "right to a hearing embraces ... the right to present evidence...." Morgan v. U.S., 304 U.S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129 (1938). See Federal Administrative Procedure Act § 7(c), 5 U.S.C. § 556(d); Russell-Newman Mfg. Co. v. NLRB, 370 F.2d 980 (5th Cir.1966); NLRB v. Burns, 207 F.2d 434 (8th Cir.1953). The Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), spelled out the minimum procedural safeguards necessary for due process rights in an administrative hearing involving the termination of welfare benefits. Here the court said due process in an administrative setting requires an opportunity to be heard, with a hearing at a meaningful time and in a meaningful manner, "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." Goldberg, supra at 267-268, 90 S.Ct. at 1020. These safeguards have since been held to apply in situations involving applications for benefits as well as to the termination of benefits. See Griffeth v. Detrich, 603 F.2d 118 (9th Cir.1979), cert. denied, 445 U.S. 970, 100 S.Ct. 1348, 64 L.Ed.2d 247 (1980); Raper v. Lucey, 488 F.2d 748 (1st Cir.1973).
The Louisiana courts have articulated the distinction between the initial determination of ineligibility for unemployment compensation benefits which is an investigatory step, not an adversary hearing, and a hearing before an appeals referee. The latter is an adversary hearing where witnesses may be subpoenaed and cross-examined, where some rules of evidence and procedure must prevail, and where fairness and due process must be observed. See, for example, Banks v. Administrator of Dept. of Employment, 384 So.2d 485, 487-488 (La.App. 2d Cir.1980)[1]; Anderson v. Blache, 490 So.2d 1149 (La.App. 3d Cir. 1986). Our courts also recognize that our procedural laws, including those providing for issuance of subpoenas and discovery orders, are designed to insure full disclosure of all facts attending a judicial controversy to the end that justice will prevail, and that all litigation will be decided meritoriously. See, for example, Cousins v. State Farm Mutual Automobile Ins. Co., 258 So.2d 629, 634 (La.App. 1st Cir.1972).
Telephone conferencing, although of relatively recent advent, is used in administrative hearings in a number of other states including California, New Mexico and Texas and has been the subject of a number of recent studies and articles. B. Schwartz, Administrative Law 292-293 (1984). National Institute of Justice, Telephone Conferencing in Civil and Criminal Court Cases (March, 1984). ABA-Action Commission to Reduce Court Costs and Delay, Telephone-Conferenced Court Hearings: a How to Guide for Judges, Attorneys and Clerks, (1983). Corsi and Hurley, Attitudes Toward the Use of the Telephone in Administrative Fair Hearings: The California Experience, 31 Admin.L.Rev. 247 (1979). Corsi and Hurley, Pilot Study Report on the Use of the Telephone in Administrative Fair Hearings, 31 Admin. L.Rev. 485 (1979). However, specific procedures for its use have only recently begun to be fully developed. The due process *867 issues figure highly in the consideration of telephone hearings for administrative proceedings. At least one federal court has upheld the telephone hearing against due process attacks. Casey v. O'Bannon, 536 F.Supp. 350 (E.D.Pa.1982).
Because of the vast number of administrative hearings to be held and the geographic problems often encountered in getting all parties together in one location, the telephone hearing is being used more widely throughout the country. However, the new procedure should seek to comport as nearly as possible with the in-person hearing with regard to due process rights, and certainly in a factual situation like the one present here, the opportunity to present conflicting evidence by means of witness testimony should not be curtailed.
This case involved a disputed claim in which the plaintiffs allege they were unable to rebut the charges which led to a denial of their unemployment benefits. Had they been able to obtain the testimony of the two truck drivers who were present during the incident in question, the result may have been different. At least one of the two witnesses was still an employee of Kaplan Rice Mill, and without the subpoena process the plaintiffs were unable to produce these witnesses to support their case. Under these circumstances the plaintiffs' due process rights could only be protected sufficiently by an opportunity to subpoena the witnesses for the telephone hearing involved in this case.
For these reasons, we reverse the holding of the Court of Appeal and remand to the Board of Review. In keeping with La.R.S. 23:1634, the Board is directed to order additional evidence and to afford the parties the opportunity to present their evidence by means of compulsory process for attendance of witnesses at a hearing or for deposition.
REVERSED AND REMANDED.
LEMMON, J., concurs.
NOTES
[1] In Banks, the plaintiff was discharged for excessive absenteeism. She was given notice her discharge was for failure to report her absences. We reversed, holding plaintiff did not have a fair hearing without proper notice of the reason for her disqualification. The case was remanded to the board of review for it to enter an order affording plaintiff proper notice and procedure. 393 So.2d 696.