## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alfred Avins et al.

v.

Harrison et al.

July 14, 1988

Case No. (Chancery) 18406

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Count IV of the "Petition of Complaint" filed on behalf of the Northern Virginia Law School, Inc. (NVLS). The remaining Counts (I, II, and III) were disposed of in accordance with this Court's letter opinion of February 26, 1988. Count IV is an appeal of the action of the Defendant State Council of Higher Education (Council) in refusing to extend the authority of NVLS to confer the Juris Doctor degree. This appeal is pursuant to the Administrative Process Act found at Code of Virginia, § 9-6.14:1, et seq.

The facts giving rise to the refusal to renew the provisional degree granting authority are not in dispute. On October 7, 1980, NVLS was authorized to enroll students and, after an on-site visit, was authorized on April 7, 1982, to grant the J. D. degree for a period ending on April 30, 1984. Council made this provisional approval contingent upon various recommendations of the on-site visitation committee and upon NVLS seeking accreditation

by the American Bar Association or "other accrediting body recognized by the U. S. Department of Education." NVLS was free to choose its accrediting body so long as it was properly recognized. Further, Council conditioned extensions of this provisional approval "only if the institution (NVLS) has reasonable prospects of gaining full accreditation during the period covered by such extensions (Record 2).

Extensions were granted by Council until April 30, 1985 (Record 3) and until April 30, 1986 (Record 4) upon the same condition of "satisfactory progress." In August of 1986, Council refused further extensions finding that the institution had failed to satisfy the condition of "satisfactory progress towards achieving full accreditation" as required (Record 12).

A hearing was held by an independent hearing officer pursuant to Section 9-6.14:12 of the Act. New evidence was presented by NVLS at that time, and the hearing officer recommended the granting of a further extension of the provisional approval (Record 47). On October 20, 1987, Council affirmed its earlier decision and refused to renew the provisional approval of NVLS's degree granting authority (Record 49). It is from this action that Petitioner has appealed.

Petitioner lists, in his memorandum, several grounds for this Court to reverse the action of the Council and order the extension of its provisional degree granting authority. For reasons as follows, the Court declines to do so; however, the matter will be ordered remanded back to Council for further action.

In the letter opinion of February 26, 1988, in another context, this Court upheld the constitutionality of the statutory scheme found at Code of Virginia, § 23-265, et seq. and further held that the institution seeking approval of the Council for degree granting authority must, by statute, be required to seek full accreditation from an authorized body. Code of Virginia, § 23-269. The condition of seeking full accreditation is, thus, statutorily mandated. Further, the Court held that Council was statutorily authorized to impose conditions for extensions of the provisional approval upon making satisfactory progress toward the required accreditation.

Petitioner also complains of a lack of procedural due process in that the Council failed to enforce a subpoena to the Southern Association of Colleges and Schools; that the Council failed to issue Letters Rogatory, and that Petitioner was precluded from presenting evidence in its favor. These claims are without merit. Due process afford one an opportunity to be heard, introduce evidence, to explain, deny, impeach, controvert, and rebut. In short, a fair opportunity to be heard. Nothing in the Council's conduct of these proceedings precluded nor inhibited Petitioner in the presentation of evidence. Affidavits, letters, stipulations, and other alternate forms of presenting evidence were available to Petitioner if it chose. *See Missouri ex rel. Hurwitz v. North*, 271 U.S. 40 (1926); *Low Wah Suey v. Backus*, 225 U.S. 460 (1912).

Petitioner also complains of alleged *ex parte* communication between the hearing officer and members of the Southern Association of Colleges and Schools. Since the hearing officer made recommendations favorable to the Petitioner, the assertion that such contacts must be presumed to be prejudicial to Petitioner is without merit. In fact, Petitioner also alleges that it was error for the Council to fail to follow the recommendations of the hearing officer. This contention is likewise without merit. The function of the hearing examiner is simply to make recommendations and a decision. The agency retains the authority to accept or reject the recommendations. Code of Virginia Section 9-6.14:12(c).

Petitioner argues that the time frame for gaining accreditation was arbitrary. Here Petitioner stands on firmer ground. The record contains no objective standard for measuring progress to determine whether or not it is "satisfactory." Substantive due process requires a measurable standard for measuring the progress of the institution in view of factors such as the amount of time having passed, efforts of the institution, results of its efforts, and the history of comparable institutions. Since the record is silent as to any consideration given to an objective standard by the Council, this matter must be remanded to the Council pursuant to Virginia Code Section 9-6.14:19 for further proceedings in accordance with this opinion.

Further, in *Alfred Avins et al. v. Harrison et al.*, Chancery No. 18406, at the request of the Petitioners, the Court will sustain the Demurrer of the Defendants for the reasons stated in this Court's opinion letter of February 26, 1988, in Chancery No. 18065, and dismiss Chancery No. 18406 on that basis. The Defendant's Motion for Sanctions will be denied.