TERRI F. LOVE, Judge.
11 This appeal arises from the trial court’s granting of the Louisiana Workforce Commission’s (“administrative agency”) exception of peremption. Tess Lassai (“Ms. Lassai”) sought judicial review of the appeal referee’s decision to affirm the administrative agency’s denial of her unemployment compensation which held she was disqualified for benefits because she left employment without good cause pursuant to La. R.S. 23:1601. The administrative agency filed an exception of peremption with the trial court alleging that, pursuant to La. R.S. 23:1629, Ms. Lassai’s appeal was untimely. The administrative agency did not raise the issue of timeliness at the hearing level; and therefore, Ms. Lassai was not given an opportunity to submit evidence of her own or rebut the evidence submitted by the administrative agency. Consequently, when the trial court granted the administrative agency’s exception of peremption, the record on the issue was not complete. We find that due process requires the matter be reversed and remanded to the Board of Review for notice *64 and an evidentiary hearing on the new timeliness issue.

bPROCEDURAL AND FACTUAL BACKGROUND

Ms. Lassai filed her application for unemployment compensation with the administrative agency on September 20, 2012. The following day, the administrative agency sent notice of the claim to Ms. Lassai’s former employer, Patriot Protection Agency, Inc. (“Patriot Protection”). On October 25, 2012, the administrative agency denied Ms. Lassai unemployment compensation finding she was disqualified under La. R.S. 23:1601(1) because she voluntarily left employment.
Disagreeing with the administrative agency’s findings, Ms. Lassai sought review with an appeal referee pursuant to La. R.S. 23:1629 and 42 U.S.C. § 503(a)(3)[1]. Ms. Lassai alleges that her original request for a hearing was “apparently lost by the agency.” Ms. Lassai avers she then requested a hearing, for a second time, and on the January 10, 2013 fax cover sheet she noted that she was “sending [her] Appeal for the 2nd time.” The administrative agency docketed her appeal and a notice of the hearing was sent with the issues to be adjudicated at the hearing. The notice made no mention of the timeliness issue. The appeal referee | ¡¡conducted a full evidentiary hearing by telephone with Ms. Lassai. Her former employer, Patriot Protection, did not participate at the hearing.
On February 7, 2013, the appeal referee affirmed the administrative agency’s decision to disqualify Ms. Lassai from receiving unemployment compensation benefits. Ms. Lassai appealed to the Board of Review which affirmed the disqualification made by the appeal referee. She then sought judicial review of the Board’s decision in Orleans Parish Civil District Court pursuant to La. R.S. 23:1634. In response, the administrative agency filed an exception of peremption with the trial court, raising the timeliness issue for the first time. The administrative agency stated in its exception that it “failed to notice” the issue earlier. Even so, the administrative agency alleged that Ms. Lassai filed her request for a hearing with an appeal referee past the fifteen (15) day peremptory period. The trial court granted the exception, and the appeal was dismissed. Ms. Lassai’s timely appeal to this Court follows.

STANDARD OF REVIEW

In Robert v. Robert Mgmt. Co., LLC, we discussed the standard of review applied in cases based on peremption:
Peremption is an objection that “may be raised through a peremptory exception.” La. C.C.P. art. 927. This exception involves the interpretation of a statute, which is a legal question. Legal questions are reviewed utilizing the de novo standard of review. Cleco Evangeline, LLC v. Louisiana Tax Comm’n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353. However, we review any factual conclusions made by the trial court with the manifestly erroneous or clearly wrong standard of review. Dalian Novelties & Co., LLC v. Ohio Cas. Ins. Co., 10-0626, *65 p. 2 (La.App. 4 Cir. 10/20/10), 51 So.3d 129,132.
1411 — 0406, p. 3 (La.App. 4 Cir. 12/7/11), 82 So.3d 396, 398.

LA. R.S. 23:1629

The administrative agency maintains that the trial court correctly granted the exception in that it is well-established law that the failure to file an appeal within the peremptory period provided by statute will result in the forfeiture of any right of action. Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984); Ward v. Blache, 466 So.2d 723 (La.App. 4th Cir.1985). The administrative agency avers that the face of the documents submitted to the trial court demonstrates her hearing request with an appeal referee was untimely. To support its contention, the administrative agency points to the appeal self-dated and faxed on January 10, 2013.
Conversely, Ms. Lassai asserts the trial court wrongly dismissed her petition for judicial review because the dismissal was based on a new issue, that her appeal request was untimely, that there was no prior notice of the new issue, nor was the issue adjudicated before the appeal referee.
La. R.S. 23:1629(A)(1) provides:
Within fifteen days after notification was given or was mailed to his last known address, the claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal referee either by mailing such appeal, as evidenced by the postmarked date, or by delivering such appeal. The appeal referee shall mail a “notice to appear for a hearing” to all parties to the appeal at least seven days prior to the date of hearing, and copies of the statements by the claimant and employer, which were used in the appealed determination, shall be sent with such notice if requested.
Ms. Lassai’s unemployment compensation claim was denied on October 25, 2012. The administrative agency claims that despite the attached cover sheet indicating that it was her second attempt to file an appeal and absent proof of an earlier timely appeal, the request sent on January 10, 2013, was untimely under La. |sR.S. 23:1629(A)(1). The administrative agency, however, did not raise the issue of untimeliness until after the matter went through the administrative review process and Ms. Lassai sought judicial review with the trial court.
The Louisiana Supreme Court in Schex-nider v. Blache, 504 So.2d 864 (La.1987) enumerated the rights required by due process in unemployment compensation agency hearings including:
(1) the right to notice, including an adequate formulation of the subjects and issues involved in the case;
(2) the right to present evidence (both testimonial and documentary) and argument;
(3) the right to rebut adverse evidence, through cross-examination and other appropriate means;
(4) the right to appear with counsel;
(5) the right to have the decision based only upon evidence introduced into the record of the hearing; and
(6) the right to have a complete record, which consists of a transcript of the testimony and arguments, together with the documentary evidence and all other papers filed in the proceedings.
Id. at 865-66. (emphasis added).
The timeliness of Ms. Lassai’s hearing request was not noticed as an issue for adjudication at the hearing. Consequently, Ms. Lassai did not submit or know to *66 submit evidence on the timeliness issue. Not until the issue was raised before the trial court, did Ms. Lassai become aware that there was a question as to the timeliness of her request for administrative review. Thus, she was unable to rebut adverse evidence or develop a complete record for judicial review.
Additionally, La. R.S. 23:1634(B) provides in pertinent part:
[i]n any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified Ififíndings and conclusions, together with a transcript of the additional record,
(emphasis added).
To comport with Ms. Lassai’s due process rights under Schexnider, the trial court should have ordered additional evidence to be taken before the Board of Review. After proper notice of the issue and evidentiary hearing, the Board could modify its findings of fact or conclusions, if necessary, and then file it with the trial court. We find the trial court erred in that it did not remand the matter to the Board of Review for proper notice and evidentiary hearing on the timeliness of her request for administrative review.

DECREE

We find the trial court’s dismissing of Ms. Lassai’s petition was in error as she was denied a fair hearing and review rights pursuant La. R.S. 23:1629 and 42 U.S.C. § 503(a)(3). Therefore, we remand the matter to the Board of Review for proper notice and an evidentiary hearing on the timeliness issue.
REVERSED AND REMANDED.

. 42 U.S.C. § 503(a)(3)(a) Provisions required The Secretary of Labor shall make no certification for payment to any State unless he finds that the law of such State, approved by the Secretary of Labor under the Federal Unemployment Tax Act [26 U.S.C.A. § 3301 et seq.], includes provision for— (3) Opportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied;