NATIONAL LABOR RELATIONS
BOARD v. BURNS et al.
No. 14795.

United States Court of Appeals
Eighth Circuit.
Oct. 29, 1953.

Bernard Dunau, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Franklin C. Milliken, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Courtney C. Crouch, Springdale, Ark., for respondents.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The National Labor Relations Board determined that the respondents, T. H. Burns and R. H. Gillespie, who were partners engaged in the business of processing live poultry at a plant in Gentry, Arkansas, had violated Section 8(a) (3) and (1) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S. C.A. § 151 et seq. 101 N. L. R. B. ——. This determination was made after the usual proceedings before the Board under Section 10 of the Act and was based upon findings that the respondents had, in July 1951, refused to employ eight applicants for employment because of their union affiliations and activities, and had, in rejecting their applications, made anti-union statements amounting to interference, restraint, and coercion.

The Board's order, based upon its determination, required the respondents to cease and desist from the unfair labor practices which it was found they had committed, to offer to the eight applicants who had been denied employment the positions which had been refused them, and to make them whole for any loss of pay they may have suffered because of such refusal, and to post the usual notices.

The Board has applied to this Court for the enforcement of its order. The respondents resist the application for enforcement. They assert in their answer to the Board's petition that the determination of the Board that they were guilty of the unfair labor practices charged against them is not sustained by substantial evidence on the record considered as a whole. They assert here, as they did in the proceedings before the Board, that the applicants never applied for employment to anyone authorized to employ them on behalf of the partnership, that no jobs were available at the time the applications were made, and that the applicants did not make a bona fide attempt to obtain employment.

One of the contested issues before the Board was whether the applicants who were refused employment were in good faith attempting to secure positions from respondents or were attempting to entrap them into committing violations of the Act.

The applicants were all members of Amalgamated Meat Cutters and Butcher Workmen of North America, A. F. L. At the time the applications for employment were made the applicants were on strike against the Pluss Poultry Company, then located at Decatur, Arkansas.

The respondent Gillespie was the active manager of the Burns and Gillespie poultry processing plant, had an office

in the plant, and ordinarily hired and discharged employees. The respondent Burns conducted a feed business located in Gentry. He testified that he had never hired or fired any employees for the partnership of Burns and Gillespie, and had had nothing to do with the hiring or firing of such employees. The applicants here involved applied to Burns for employment, and not to Gillespie, and the applications were not made nor rejected at the business office within the plant. The situation under which the applications were made was somewhat unusual, although the testimony of the applicants was to the effect that they needed and wanted employment and had applied to Burns in good faith for positions in the plant.

The charges against the respondents were filed with the Board on behalf of the Amalgamated Meat Cutters and Butcher Workmen of North America, A. F. L., by James A. Gilker, International Representative of that union, who appeared for it at the hearing before the Trial Examiner. During the examination of the respondent Burns, he was asked by one of the counsel for respondents whether he was present in the Burns and Gillespie poultry plant at Gentry when Mr. Crouch (counsel for respondents), Mr. Gillespie, Mrs. Gillespie, Mr. Gilker, and the investigator for the National Labor Relations Board were there. Burns answered that he was. He was then asked this question: "Did you hear Mr. Gilker at that time make this statement: 'I sent these people [referring to the applicants] down there to talk to Mr. Burns in order to make out a National Labor Relations Board violation against Burns and Gillespie?'" This question was objected to by opposing counsel on the ground that it called for a statement which was made in relation to a settlement negotiation, and that "They were attempting to settle the case at that time." A further objection to the question was that what Mr. Gilker said at the time referred to was completely immaterial. The

respondents offered to prove that if the witness was allowed to answer he would say that that statement was made by Mr. Gilker. The witness was not permitted to answer the question.

The Board does not now contend that the Trial Examiner did not err in excluding this evidence. In its brief the Board says that, even if the exclusion of the evidence was erroneous, the error was harmless and should be ignored; that if the excluded evidence had been received there is no substantial basis for assuming that it would have changed the result, "for the credited testimony which was received, and the surrounding circumstances which corroborated it, were too cogent in character to be overborne by the rejected evidence"; and that, this being so, any error in the exclusion of the rejected evidence was not prejudicial. We do not agree.

In Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 123 F.2d 215, 224, this Court said:

"That a refusal by an administrative agency such as the National Labor Relations Board to receive and consider competent and material evidence offered by a party to a proceeding before it, amounts to a denial of due process is not open to debate. * * * That the Board would or might have reached no different conclusion had the rejected evidence been received, is entirely beside the point. The truth is that a controversy tried before a court or before an administrative agency is not ripe for decision until all competent and material evidence proffered by the parties has been received and considered. See National Labor Relations Board v. Thompson Products, Inc., 6 Cir., 97 F.2d 13, 15; Foote Bros. Gear & Machine Corp. v. National Labor Relations Board, 7 Cir., 114 F.2d 611, 621."

What was said in that case was a correct statement of the law.

The evidence proffered by the respondents and excluded by the Trial Examiner was competent and material

and should have been received and considered.

Because of lack of due process in the proceedings before the Board, the question of the sufficiency of the evidence to support its determination and order will not be considered, and nothing said in this opinion is to be taken as indicative of our views with respect to that question.

The petition of the Board for the enforcement of its order is denied, but it is granted authority to open the proceedings for further evidence and a new order, if so advised.