**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**T. H. BURNS and R. H. Gillespie, d/b/a Burns and Gillespie, Respondents.**

**No. 14795.**

United States Court of Appeals Eighth Circuit.

Dec. 10, 1956.

Owsley Vose, Atty., National Labor Relations Board, Washington, D. C. (Theophil C. Kammholz, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Franklin C. Milliken, Atty., National Labor Relations Bd., Washington, D. C., were with him on the brief), for petitioner.

Courtney C. Crouch, Springdale, Ark. (Lewis D. Jones, Springdale, Ark., was with him on the brief), for respondents.

Before SANBORN, WOODROUGH and WHITTAKER, Circuit Judges.

SANBORN, Circuit Judge.

This is the second appearance in this Court of this controversy, which arose out of events occurring in 1951. See 207 F.2d 434. The National Labor Relations Board on December 19, 1952, determined that the respondents, who were partners in the processing of live poultry at Gentry, Arkansas, had violated Section 8(a)(1) and (3) of the National Labor Relations Act, as amended, 61 Stat. 136, 140, 29 U.S.C.A. § 158(a) (1) and (3). 101 N.L.R.B. 1181. The determination of the Board was based upon findings that respondents had, in July 1951, refused to employ eight applicants for jobs because of their union affiliations and activities, and, in so doing, had made anti-union statements amounting to interference, restraint and coercion. The order of the Board required the respondents to cease and desist from the unfair labor practices they were found to have committed, to offer the applicants the positions for which they had applied, to make them whole for loss of pay, and to post notices of compliance. The applicants were all members of Amalgamated Meat Cutters and Butcher Workmen of North America, A. F. L. (which filed the unfair labor practice charges against the respondents), and were, at the time they applied to the respondents for employment, on strike against the Pluss Poultry Company, of Decatur, Arkansas.

The Board on March 2, 1953, applied to this Court for the enforcement of its order. We declined to grant enforcement, on the ground that the Trial Examiner had rejected evidence proffered by the respondents which was competent and material upon the issue whether the applicants were in good faith looking for jobs or were, at the instigation of James A. Gilker, International Representative of the Union, merely trying to entrap the respondents into committing an unfair labor practice for the purpose of enabling Gilker to use it to coerce the respondents into signing a Union contract.

The concluding paragraph of our opinion, page 437 of 207 F.2d, reads as follows: "The petition of the Board for the enforcement of its order is denied, but it is granted authority to open the proceedings for further evidence and a new order, if so advised."

The Board on March 30, 1954, ordered the record reopened for the taking of the additional evidence which this Court had held was improperly excluded by the Trial Examiner. The Board remanded the proceedings to the Regional Director to arrange for a further hearing. The supplemental hearing was held before a Trial Examiner who had not conducted the original hearing. He confined the evidence to that which had been excluded at the original hearing and related evidence. The conclusion of the Examiner was that the new evidence introduced before him did not contradict or impeach the testimony of the applicants for employment, whom he had not seen or heard. They had testified before the original Trial Examiner that they were acting in good faith and needed the work for which they had applied. In a supplemental report, made in February 1955, the Exam-

iner who conducted the supplemental hearing recommended that the Board reaffirm its former findings. The Board, by a vote of three to two, affirmed, in a supplemental decision, its former decision and order without any modification. 113 N.L.R.B. 434. This Court is now asked by the Board to enforce that order.

The two members of the Board who dissented were of the opinion that the decision reached by the majority was not in compliance with the spirit or the requirements of the decision of this Court and that the majority were merely adhering to their former position that the evidence which we held to be material and competent was of no consequence. The minority thought that proper weight could be given to such evidence only by a Trial Examiner who had heard all the witnesses, and that the report of the Trial Examiner who conducted the supplemental hearing and heard only some of the witnesses should be rejected and the case referred to a new Trial Examiner for a hearing de novo.

The proceedings of the Board subsequent to our decision did not conform to its spirit or intent. It did not occur to us that, if the controversy were to be reopened, the hearing of additional evidence would be before a different Trial Examiner, who would hear only some of the witnesses and part of the evidence. The controversy was not of such a nature that it could, for purposes of hearing or trial, be divided into segments, each to be heard by a different judge of credibility and weight of evidence. Under the circumstances, the supplemental proceedings were not, in our opinion, fair to the respondents.

The order of the Board which we are asked to enforce is based upon events which took place more than five years ago under questionable circumstances not creditable to the representative of the union involved. We are convinced that, in view of the age of this proceeding, the circumstances under which it arose, the participation of a Trial Examiner in the supplemental hearing who had not conducted the original hearing, the conflict of opinion among the members of the Board, and the fact that the enforcement of its order could not, at the present time, have any tendency to effectuate the policies of the National Labor Relations Act, the petition of the Board for the enforcement of its order should not be granted.

The petition for enforcement is denied.